P. H. Reynolds & Co. *et al. v.* McKnight.

*(Nashville,* December Term, 1940.)

Opinion filed March 8, 1941.

JOHN E. TRAVIS and GORDON SHANKLIN, both of Nashville, for plaintiffs.

LEE DOUGLAS and E. T. HOLLINS, JR., both of Nashville, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a workmen's compensation case in which there was an award for the employee as for the loss of one eye. The suit was brought against a subcontractor, petitioner's immediate employer, and the general contractor.

There was a judgment against both, the liability of the general contractor being made secondary. Both the subcontractor and the general contractor appealed. The court below denied judgment for medical expenses and hospital bill and the employee appealed from this portion of the judgment.

The principal controversy in this court is as to the sufficiency of the evidence to sustain the award in favor of the employee, it being insisted by defendants that the loss of his eye was not due to an accident arising out of his employment. The employee was a carpenter and while at work in Nashville sustained a fall in handling a ladder. He suffered a cut over his right eye and in some way received a blow on his left temple, the latter injury raising a considerable knot or lump.

Defendant Reynolds & Company, the subcontractor or immediate employer, sent the petitioner to a doctor. The doctor found it necessary to take some stitches in the cut over the employee's right eye, but his attention was not directed to the bruise on the left temple. This accident occurred on Monday. In a day or two petitioner went back to his employer's doctor and the stitches in the wound over the right eye were removed.

The employee undertook to work some on the day following the accident and for a few days thereafter. During this time he testified that he suffered severe pains at intervals about his left eye and on Saturday, following the accident on Monday, his left eye was giving him so much pain he went back to the doctor to whom his employer had sent him. On examination of the left eye this doctor told petitioner that the case was one for an oculist and petitioner thereupon went to Dr. M. M. Cullom, an oculist of high repute in Nashville, referred

to by other oculists testifying in the case as the dean of the profession in this city.

Dr. Cullom found that the petitioner was suffering with a severe case of iritis in this left eye, got from the petitioner the history of his accident, and began treatment of the eye for this affliction. Dr. Cullom was positive in his testimony to the effect that petitioner's iritis was traumatic in origin and due to the bruise received in the fall on the first day of the week. Dr. Cullom saw evidences of the blow about the left temple although the lump or knot had passed away.

Dr. Cullom continued his treatment of the petitioner for several weeks and finally dismissed him, the iritis, in the opinion of the doctor, having been cured.

After being dismissed by Dr. Cullom and supplied with glasses, defendant went to Birmingham to obtain employment and undertook to work there. In a short while he began to have trouble with his left eye, his vision being so affected that he was unable to perform his work satisfactorily or efficiently. He then returned to Nashville and reported again to Dr. Cullom where he was examined and Dr. Cullom found that a cataract had formed on this left eye.

The petitioner sustained this injury either the last week in September, or the first week in October. There is a controversy as to the date, to which we shall presently refer again. He went to Birmingham in December and returned to Nashville in January.

The cataract had not sufficiently ripened to permit of an operation when petitioner returned to Nashville in January. It was necessary for him to wait until the May following, at which time Dr. Cullom performed an operation and removed the cataract. The operation, however, failed to restore petitioner's sight in the left

eye and vision in that eye has been so impaired as to render the eye, industrially, a total loss.

Dr. Cullom, to whom the petitioner reported five days after the accident and who treated petitioner's eye thereafter, as set out above, without any hesitation, ascribes petitioner's iritis, his cataract, and the loss of his eye to the injuries sustained in his fall. The doctor expresses his opinion that the iritis and cataract were both traceable to the trauma so sustained.

The defendant introduces Dr. W. W. Wilkerson, Dr. J. L. Bryan and Dr. C. F. Hollabaugh, oculists of repute at Nashville, who, upon the history of the case detailed to them, expressed the opinion that petitioner's iritis and cataract were not traceable to his accident. All these expert witnesses, however, rate Dr. Cullom's professional ability as of the highest and, as before stated, refer to him as the dean of the profession in Nashville.

Dr. Cullom supports his opinion as to the cause of petitioner's injuries by quotations from medical authorities. One of the authorities which Dr. Cullom quoted was highly commended by Dr. Bryan. Dr. Wilkerson and Dr. Hollabaugh did not think so well of this authority. Another authority from whom Dr. Cullom quoted was a head man in the Belleview Hospital at New York, and no question was made as to his reputation and standing.

■■ As we have so often pointed out, on appeal in error, a compensation case is considered just as any other case from a law-court. If there is substantial evidence to sustain the finding of the trial judge, such finding will not be disturbed. Certainly the testimony of Dr. Cullom is a substantial basis upon which to rest the award made by the trial judge, particularly as his

conclusions seem to have support from standard medical authority.

In addition to the foregoing, Dr. Cullom having treated this man almost from the beginning of his troubles, seeing him and so frequently examining him, should have more accurate knowledge with regard to these troubles and their origin than the other specialists without such advantages.

The case for the petitioner is further strengthened by a line of testimony that defendants introduced. Defendants proved that iritis, or at least cataract, was frequently caused by old age, by syphilis, by diabetes, and by other diseases. The petitioner was only forty-seven years of age and several physical examinations, both before and after the accident, showed him to be in sound health, suffering from none of the diseases mentioned. The only suggestion of anything wrong with him was that in two of these examinations a urinalysis showed a slight amount of sugar. Further examinations, however, showed freedom from sugar and there was no claim by anyone that he had diabetes. A process of reasoning by exclusion, therefore, supports the conclusion that petitioner's iritis and cataract was due to trauma rather than disease. At any rate, there is substantial evidence that the injuries were due to trauma and this court need not go further.

In disposing of the case the trial judge made some oral comment, which appears to have been taken down by the court reporter, and has been preserved in the bill of exceptions. Errors are assigned with reference to certain of these observations. There was no request for a written finding by the court below and his oral comments so preserved are no proper part of the record and cannot be looked to by this court. *Weinstein* v,

*Barrasso,* 139 Tenn., 593, 202 S. W., 920, L. R. A., 1918D, 1174, and cases cited.

Although much is made of the apparent discrepancy in evidence and in pleading with reference to the date of the accident, like the trial judge, we think this is immaterial. Without doubt the accident occurred on Monday. The petitioner's testimony that he went to the eye doctor on the following Saturday is confirmed by other proof in the record that he had to quit work on the Saturday following the accident. Moreover, petitioner's testimony that he suffered pains all during these five days has confirmation in the record. If, therefore, the testimony of defendants' experts to the effect that traumatic iritis must develop within a very short while he acceped as true, the pain that the petitioner suffered during the days following the accident is sufficient to support the conclusion that his iritis had developed some time before he went to see Dr. Cullom on Saturday.

Some other questions are made in behalf of the immediate employer which we do not regard as material. ▮ There was no showing by the petitioner below how much of his doctor's bill was incurred within thirty days after the accident. His hospital bill was incurred some months after the accident, when the operation for cataract was performed the following May. Under the provision of section 6875 of the Code, we think the trial judge properly refused to allow the petitioner anything for medical services and hospital expenses. That section of the Code is as follows:

"During the thirty days after the notice required by section 6873 to be given the employer or his agent, the employer shall furnish free of charge to the injured employee such medical and surgical treatment, medicine,

medical and surgical supplies, crutches and apparatus as may be reasonably required, and the injured employee shall accept the same; and at the option of the employer he may furnish the same free of charge to the injured employee for such length of time after the expiration of the thirty days as the employer may elect, and the employee shall accept the same; provided, however, that the total liability of the employer under this section shall not exceed one hundred dollars; and an additional one hundred dollars for hospital expenses, if any; and, provided further, that the pecuniary liability of the employer for such services rendered the employee shall be limited to such charges as prevail for similar treatment in the community where the injured employee resides. All cases of dispute as to the value of such services shall be determined by the tribunal having jurisdiction of the claim of the injured employee for compensation.''

The language used seems to admit of no construction other than that adopted by the trial judge. The provision is that medical services shall be furnished ''during . . . thirty days after the notice'' free of charge by the employer, ''and at the option of the employer he may furnish the same free of charge to the injured employee for such length of time after the expiration of the thirty days as the employer may elect.'' Hospital expenses are classed along with medical treatment. As the statute is written, it seems to us that the thirty-days limitation of the employer's liability is applicable to both these items.

The general contractor, Foster & Creighton Company, insists that it is not liable to suit in a case like this, until the injured employee exhausts his remedies against the subcontractor, the immediate employer.

Section 6866 of the Code is in these words:

"A principal, or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject-matter of the contract to the same extent as the immediate employer.

"Any principal, or intermediate contractor, or subcontractor who shall pay compensation under the foregoing provisions may recover the amount paid, from any person who, independently of this section, would have been liable to pay compensation to the injured employee or from any intermediate contractor.

"Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer, but such proceedings shall not constitute a waiver of the employee's rights to recover compensation under this chapter from the principal or intermediate contractor, provided that the collection of full compensation from one employer shall bar recovery by the employee against any others, nor shall he collect from all a total compensation in excess of the amount for which any of said contractors is liable.

"This section shall apply only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management.

"This accident having taken place on the premises on which the principal contractor had undertaken to execute work, clearly both the principal contractor and the subcontractor were liable."

Section 8611 of the Code runs as follows:

"Persons jointly or severally or jointly and severally bound on the same instrument, or by judgment, decree, or statute, including the makers and indorsers of nego-

tiable paper and sureties, may all or any part of them be sued in the same action."

Reading sections 6866 and 8611 together, we think that an injured employee, in a case like the one before us may join his immediate employer (the subcontractor) and the principal contractor in the same suit. Fairly construed we think that the third paragraph of section 6866 is but a declaration that the immediate employer shall be primarily liable to the injured employee. That the claim for compensation or notice may be presented to the immediate employer alone without waiver of the employee's right to recover compensation from the principal or intermediate contractor. If the injured employee had to wait until his remedies against the immediate employer were exhausted, in many instances his right to proceed against the principal contractor would be barred by the one-year limitation of section 6874.

Under the judgment rendered in this case, the immediate employer is taxed with all the costs and no liability will rest upon the principal contractor unless petitioner fails to obtain satisfaction from his immediate employer. This is as much as the principal contractor is entitled to ask.

The provision that "every claim . . . shall be in the first instance presented to and instituted against the immediate employer" relates to the notice and to the service of the notice. To the preliminaries of suit on the claim, not to the suit itself. The principal contractor and the subordinate contractors being by the statute made liable "to the same extent" as the immediate employer, they are jointly, or jointly and severally, liable, and under Code section 8611 all of them may be sued in the same action. The judgment below is affirmed.