ADAMS *v.* HERCULES POWDER Co. *et al.*

WILKINSON V. SAME.

(*Knoxville,* September Term, 1943.)

Opinion filed November 20, 1943.

CLIFFORD CURRY, of Chattanooga, for plaintiffs in error.

FINLAY & CAMPBELL, of Chattanooga, for defendants in error.

MR. JUSTICE NEIL delivered the opinion of the Court.

These cases were tried in the Circuit Court of Hamilton County and, demurrers to the declaration in each case being sustained, an appeal was prayed and granted to this court. Since each of the cases grows out of the same accident, the declarations being the same (except for the injuries), the demurrers being identical, and the same legal questions are involved in both cases, counsel agreed that the cases be consolidated and heard together.

Plaintiffs' declarations allege that on the 1st day of August, 1941, the defendant, Hercules Powder Company, entered into a contract with the United States of America for the construction and operation of a new ordinance facility to be constructed in Hamilton County, Tennessee, to be known as the Volunteer Ordnance Works, for the manufacture of a powerful and destructive explosive, commonly known as TNT. On the same date this contract was awarded it, the defendant, Hercules Powder Company, awarded a sub-contract to the other defendant, Stone & Webster Engineering Corporation, for the architect,

engineering, and construction services necessary for the erection of the plant. One of the contractors under the defendant Stone & Webster Engineering Corporation was Reid-Hayden, Inc., insulation engineers, who employed both of the plaintiffs. The declarations further allege that TNT is essential to the furtherance of the present World War and that the manufacturing processes are highly secret, etc. The plaintiffs further allege in their declaration that in the process of making TNT water, steam, gases, and chemicals, both extremely hot and cold, were carried from one section of the plant to another by means of overhead pipes, which were carried across roads and streets in the Volunteer Ordnance Works on supporting timbers. On the 19th day of October, 1942, the plaintiffs were both working on the same scaffold, applying insulation to certain pipes which were thus carried overhead across the West TNT Road. This scaffold was across the road for the purpose of enabling workmen to reach the pipes. It is further charged that defendant Stone & Webster Engineering Corporation had a watchman stationed on the pavement for the purpose of warning the drivers of all on-coming trucks to reduce their speed and proceed cautiously so as not to knock down the scaffold and endanger the lives of these workmen; that on the day in question an employee of the defendant Hercules Powder Company, in the regular course of his employment, on business of the defendant, drove a high truck and trailer northwardly on this road; that he ignored the warning signals given by the watchman and drove under the scaffold without slackening his speed, when he knew, or should have known, that the truck and trailer were too high to pass under the scaffold. As a proximate result, the scaffold supporting plaintiffs was knocked from

under them and they were thrown to the pavement and sustained serious personal injuries.

Each declaration is predicated on the theory that although the plaintiffs could collect workmen's compensation from Reid-Hayden, Inc., their immediate employer, who had qualified under the compensation law, they declined to accept workmen's compensation and elected to proceed against the two defendants, Hercules Powder Company and Stone & Webster, as negligent third persons at common law. To the plaintiffs' declarations the defendants filed joint and several demurrers, all seven grounds of which are to the effect that the plaintiffs' causes of action are under the Workmen's Compensation Act Code 1932, sec. 6851 et seq., and not at common law. The trial judge sustained these demurrers and dismissed both suits. This is assigned as error.

It is earnestly urged in this court, as in the court below, that these plaintiffs have the right to maintain a common law action for the injuries sustained solely upon the theory that the Hercules Powder Company and Stone & Webster are not, either in fact or in law, their employer and that they should be adjudged third parties to the transaction, and furthermore they are not confined exclusively to the provisions of the workmen's compensation statute.

It is conceded that plaintiffs can sue their immediate employer, Reid-Hayden, Inc., for compensation. It also conclusively appears that they sustained injuries while engaged upon a project in which the defendants were directly interested, they being the principal contractors. Section 15 of the Compensation Act (Code, section 6866) provides:

*"Liability of principal or intermediate contractor for injuries; remedies against third person liable for the injuries; claim instituted against immediate employer; no waiver; place of accident.*—A principal, or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject-matter of the contract to the same extent as the immediate employer.

"Any principal, or intermediate contractor, or subcontractor who shall pay compensation under the foregoing provisions may recover the amount paid, from any person who, independently of this section, would have been liable to pay compensation to the injured employee, or from any intermediate contractor.

"Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer, but such proceedings shall not constitute a waiver of the employee's rights to recover compensation under this chapter from the principal or intermediate contractor, provided that the collection of full compensation from one employer shall bar recovery by the employee against any others, nor shall he collect from all a total compensation in excess of the amount for which any of said contractors is liable.

"This section shall apply only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management."

It is insisted by defendants that since the foregoing section of the Code makes them liable to plaintiffs for compensation "to the same extent as the immediate employer" Reid-Hayden, Inc., they are not liable at common

law, and that Code section 6859 so provides. This section reads as follows: *"Remedy excludes all other rights and remedies.*—The rights and remedies herein granted to an employee subject to this chapter on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death."

■■ We have had occasion to construe the foregoing sections in a number of cases, some of which will be later referred to in this opinion. In passing to the consideration of the question here involved, we should say preliminarily that decisions from other jurisdictions, wherein compensation statutes not similar to ours have been construed, cannot be considered as persuasive authority. It must be conceded at the very outset that the rights of the parties are governed by our own statute as interpreted by this court, as well as the construction of similar statutes in other jurisdictions. This court has followed without exception the rule that these statutes must be given a liberal interpretation. Counsel for plaintiffs earnestly insist that a "liberal interpretation" of the act would exclude defendants as employers and hence plaintiffs would not be deprived of their common-law right of action against them. Responding to this contention, we must say that our own inclination to liberality in construing the act, not to mention its mandatory provisions, will not permit us to evade the plain provisions of the statute itself. All compensation statutes create rights as well as benefits that were unknown to the common law. They also deprive injured employees of rights, such as the right to sue the employer at common law. Employers are likewise deprived of the right to make

certain common-law defenses to claims for compensation. The chief benefit to employers is that they are immune from suits at common law. The contention of plaintiffs in the instant case, that they are not deprived of the right to sue at common law because the principal employer is only ''secondarily liable'' to pay compensation, cannot be successfully maintained. We have been cited to many cases from other jurisdictions holding that a principal contractor is not an employer within the meaning of the statute. We must observe, however, that the statutes thus construed are not the same as the Tennessee Compensation Act, although there may be a general similarity. An examination of the text in 71 C. J., sec. 1561, pp. 1527, 1528, and cases cited, clearly shows that the liability of a principal contractor to suit at common law is entirely dependent upon the provisions of the various compensation acts. Many of the cases cited by counsel refer to the principal contractor as a ''remote'' employer and, in some instances, as a ''statutory'' employer, and liable to suit at common law. We think that in all instances where such contractor is remote to the transaction in which the employee was injured, or, where his relation to the employee as employer is a mere fiction of the law, it would be highly proper to hold him liable at common law as a ''third party,'' or ''some other party.'' Not so, however, where he is liable from the beginning to pay compensation ''to the same extent'' as the immediate employer, as where they may under the statute be joined together as defendants in the same suit. In 58 A. L. R., 900, the annotator refers to Casey v. Shane, 221 App. Div., 660, 666, 225 N. Y. S., 126, 133, which was reversed in 1928, 248 N. Y., 625, 162 N. E., 551, wherein the court said: ''The contention of the plaintiff, if sustained, would impose upon

the general contractor a greater liability to the employees of the subcontractor than is imposed upon him to his own employees, or than is imposed upon employers generally. If his subcontractor has not secured compensation to an injured employee, he is liable as employer for compensation. If his subcontractor has secured compensation, an injured employee of the subcontractor need not seek an award therefor, but may elect to prosecute the general contractor in a common-law action grounded in negligence; the general contractor is made liable as an employer, yet he is to be deprived of the immunity from other liability which the act grants to other employers. Moreover, assume that there are two subcontractors on the same job. One secures compensation to his employees; one does not. Two men, an employee of each, are injured in one accident. The general contractor, whose insurance covers both, is liable for compensation to one, and may be liable in a negligence action to the other. We cannot think such was the intention of the Legislature. Either the general contractor stands as an employer, or he does not; if he does, he is immune from liability for negligence; if he does not, he cannot in any circumstance be liable for compensation, because then the provision of section 56 declaring it is unconstitutional. . . . Our conclusion is that the general contractor stands as an employer, and his character as such cannot be put on and off at the choice of chance or convenience.''

· Our attention is called to the case of *Corbett* v. *Starrett Bros.*, 105 N. J. L., 228, 143 A., 352, as sustaining plaintiffs' contention. We find upon examination of the New Jersey act that there is no provision that ''A principal, or intermediate contractor, or subcontractor shall be liable . . . to the same extent as the immediate employer''

as is expressly provided in our statute. The New Jersey act requires the principal contractor to take out compensation insurance and if he fails to do so, the court holds that he may be held liable in a common-law action.

In *Artificial Ice & Cold Storage Co.* v. *Waltz*, 86 Ind. App., 534, 542, 146 N. E., 826, 829, the court sustained the right of the employee to sue the principal contractor at common law, holding that the Indiana statute ''did not take away from the employé the common-law liability to him of a third person.'' The decision seems to turn upon the question as to whether or not the principal contractor was a third person within the meaning of the act. We think the Indiana statute differs from ours, although there is a similarity. The court cites our own case of *Bristol Telephone Co.* v. *Weaver*, 146 Tenn., 511, 243 S. W., 299, and quotes from the opinion. The court, however, overlooked the fact that in that case the defendant against whom a judgment was sustained was not a principal contractor or an intermediate employer.; hence he was a third party within the meaning of our statute, and the plaintiff could maintain his suit for damages at common law.

It would unduly prolong this opinion if we undertook to discuss the compensation statutes of different states and their interpretation by the various judicial tribunals of these states. We are well aware of the fact that some of them sustain the contention of the plaintiffs, but they are not in accord with our own cases, as well as those from jurisdictions having statutes almost identical with our own. The fact that a principal contractor is held to be secondarily liable for compensation, as announced in some cases, does not, as a matter of law, make him a ''third party'' and liable to a common-law action. This

must necessarily be true in the light of our own statutory provisions that he is liable "to the same extent as the immediate employer." There is no way for him to escape liability for compensation if the injured employee chooses to sue him along with his immediate employer. Moreover, section 8 of the act, which grants immunity from a suit at common law, would be meaningless, and he would be faced with the incongruity of having to defend two suits, one for compensation and another for damages under the common law. While the principal contractor has been referred to in many cases as being secondarily liable, this court has held that he may be made a party defendant along with the sub-contractor in an action for compensation. *Reynolds & Co.* v. *McKnight,* 177 Tenn., 228, 148 S. W. (2d), 357. In this case, the court, speaking through MR. CHIEF JUSTICE GREEN, said, at page 237 of 177 Tenn., at page 360 of 148 S. W. (2d) : "Reading sections 6866 and 8611 together, we think that an injured employee, in a case like the one before us may join his immediate employer (the subcontractor) and the principal contractor in the same suit. Fairly construed, we think that the third paragraph of section 6866 is but a declaration that the immediate employer shall be *primarily liable* to the injured employee. That the claim for compensation or notice may be presented to the immediate employer alone without waiver of the employee's right to recover compensation from the principal or intermediate contractor. If the injured employee had to wait until his remedies against the immediate employer were exhausted, in many instances his right to proceed against the principal contractor would be barred by the one-year limitation of section 6874." (Italics ours.)

██ ██ If, as we have held, the principal contractor is "primarily liable" along with the immediate employer, and may be joined in the same suit with him, it is well-nigh inconceivable that he could be thought of as a "third party" or "some other party" and liable to suit for damages under the common law. This view is fully sustained by the following well-considered cases from other jurisdictions: *McEvilly* v. *L. E. Myers Co.*, 211 Ky., 31, 276 S. W., 1068, construing Section 4891 of the Kentucky statute, which provides that the principal contractor is liable "to the same extent as the immediate employer;" *Dillman* v. *John Diebold & Sons Stone Co.*, 241 Ky., 631, 635, 44 S. W. (2d), 581, 583, wherein it was held a prior contractor "is not 'some other person' " within the meaning of the act; *Bogoratt* v. *Pratt & Whitney Aircraft Co.*, 114 Conn., 126, 157 A., 860, wherein Gen. St., 1930, section 5230 of Connecticut, providing that the principal contractor shall be liable to the same extent as the immediate employer and not liable at common law for injuries of an employee of a sub-contractor, is construed. See also *Pimental* v. *John E. Cox Co.*, 299 Mass., 579, 13 N. E. (2d), 441; *New Amsterdam Casualty Co.* v. *Boaz-Kiel Construction Co.*, 8 Cir., 115 F. (2d) 950. In *Fox* v. *Dunning*, 124 Okl., 228, 255 P., 582, it was held that the principal contractor is not liable to suit at common law under an act providing he shall be liable to pay compensation "to the same extent" as an immediate employer. Comp. St., 1921, sec. 7285, 85 Okl. St. Ann., sec. 11. See also *White* v. *Geo. A. Fuller Co.*, 226 Mass., 1, 114 N. E., 829.

In the case of *Maxwell* v. *Beck*, 169 Tenn., 315, 318, 87 S. W. (2d), 564, 565, we construed Section 15 of the Compensation Act (Code section 6866) and held that the words "to the same extent as the immediate employer"

were not intended to limit the liability of the principal or other contractor, ''but were inserted for the purpose of imposing upon them *liability equal in all respects to the liability imposed, by other provisions of the act, upon immediate statutory employers.*'' (Italics ours.) Again in our late case of *Reynolds & Co.* v. *McKnight, supra,* this section of the Code was again before us and it was held that the principal contractor was primarily liable and that all subordinate contractors are ''jointly, or jointly and severally, liable'' to pay compensation to an employee of the immediate contractor. The case of *Bristol Telephone Co.* v. *Weaver, supra,* cannot be invoked in the instant case as authority to sustain the plaintiffs' contention. In that case the plaintiff, Mrs. Weaver, sued the Bristol Telephone Co., the immediate employer of her deceased husband, and a third party, Bristol Gas & Electric Company, to recover damages for the negligent killing of her husband. The suit was dismissed as to the former under a special plea that the Workmen's Compensation Act applied and afforded plaintiff an exclusive remedy. It appears that the Gas & Electric Company also pleaded in abatement, averring that plaintiff's remedy was exclusive under the compensation act against his immediate employer and was available to it. This contention was overruled. Upon appeal it was held [146 Tenn., 511, 243 S. W., 301], ''The act does not attempt in any way to abridge the remedies which any employee of one person may have at law against a third person for a tort which such third person commits against him.'' It was further held that Section 14 of the act was strictly for the benefit of the employer and employee, not a third person. Since the Gas Company was not in any sense an employer, there were no rights or benefits available to

it under the compensation statute. In the present case it appears that the defendants are employers of plaintiffs within the meaning of the act, and not a "third person;" that they are primarily liable under the act to pay compensation equal in all respects to the liability of plaintiffs' immediate employer, and are therefore entitled to the benefits of the act. It results that Section 6859 of the Code is controlling, and the remedy afforded plaintiffs excludes all other rights and remedies.

The assignments of error are overruled and the judgment of the trial court is affirmed.