Roy CRADIC, Plaintiff,

v.

EASTMAN KODAK COMPANY and
Tennessee Eastman Company,
Defendants.

Civ. A. No. 1535.

United States District Court
E. D. Tennessee,
Northeastern Division.

March 5, 1962.

Harry L. Garrett, Kingsport, Tenn., for plaintiff.

H. E. Wilson, Wilson, Worley & Gamble, Kingsport, Tenn., for defendants.

NEESE, District Judge.

The plaintiff Cradic is employed by P. C. Cooper, an excavation contractor. Cooper leased a large unit of construction equipment, known as a "wobble-wheel", and an operator for the machine to Tennessee Eastman Company, which is a wholly owned subsidiary of Eastman Kodak Company. Eastman required this equipment and its operator to pack-down a huge pile of industrial coal located on its property to prevent or reduce the likelihood of fire from spontaneous combustion within the coal pile.

Affidavits supporting the defendants' motion for a summary judgment are conclusively to the effect that the operator of this piece of equipment was subject to the control and direction of Eastman, both by contract and in fact.

The plaintiff Cradic was the machine operator furnished by Cooper to Eastman along with the unit, on and for some time prior to November 27, 1959. On that date Cradic was controlled and instructed by Eastman's personnel as to the way and manner in which he would operate the machine on Eastman's coal pile and on its premises. There were other employees and other equipment being utilized on Eastman's coal pile on said date, the "wobble-wheel" being the only piece of leased equipment and the plaintiff Cradic the only worker on the job at that time and place not on Eastman's payroll. Cradic was directed by Eastman's foreman and supervisor as to the hours and times to work, the route and manner in which the coal was to be packed, and the details of the packing process.

While the plaintiff Cradic was thus operating the "wobble-wheel" a collision occurred between that unit and one of Eastman's pieces of equipment known as a "pull pan". The plaintiff Cradic was injured and obtained judgment in a state court for workmen's compensation benefits against Cooper and Cooper's insurer.

Cradic then brought this common law action against the defendants Eastman

for $75,000.00 damages, averring the defendants' liability under the doctrine of respondeat superior on the basis of the alleged negligence of Eastman's employee Judd Moore in proximately causing the collision.

The defense, *inter alia*, is that because the plaintiff Cradic, his general employer Cooper, and the defendants Eastman were all subject to the Tennessee Workmen's Compensation Law, the plaintiff Cradic's exclusive remedy is under the compensation statute and that he has no common law action against the defendants Eastman for damages inasmuch as he occupied the status of a "loaned" employee.

The Tennessee Compensation Statute, T.C.A. § 50–915, has no application to third parties, but is limited to principal, intermediate, or subcontractors of the injured employee. Adams v. Hercules Powder Co., 180 Tenn. 340, 175 S.W.2d 319, 151 A.L.R. 1352; Pierce v. United States, D.C.Tenn. (1955), 142 F.Supp., 721, 727.

The question for decision, then, is whether the plaintiff Cradic was such an employee of the defendants Eastman, as well as of Cooper, as to be both protected under, and limited by, the Tennessee Workmen's Compensation Law.

The Court is of the opinion that the doctrine of the "loaned servant" is applicable here and that the plaintiff Cradic's exclusive remedy was by claim under the Tennessee Workmen's Compensation Law against either his "special employer" Eastman, or if that source of relief were unavailable, then against his "general employer" Cooper.

The prime test which is determinative of the issue is: "In whose work was the employee engaged at the time; i. e., whose work was being done?" Owen v. St. Louis Spring Co., 175 Tenn. 543, 136 S.W.2d 498, 499; Gaston v. Sharpe, 179 Tenn. 609, 613, 168 S.W.2d 784. Stated another way: " * * * At law, the well known test of the existence of the relationship of master and servant is whether the employer has the right or

duty of directing the employee as to the details of his employment and when, as here, the question is in an action for negligent injury, the test of the employer's liability is whether it was his duty to instruct and direct the servant in the details of the particular 'means' or 'method' of employment, out of which the injury arose. Texas Co. v. Bryant, Com'r., 178 Tenn. 1, 152 S.W.2d 627"; The Tennessee Supreme Court " * * * has applied this principle, which is universally accepted, to the settlement of questions involving 'loaned servants' in a number of cases." McDonald v. Dunn Const. Co., Inc., supra, 182 Tenn. 213, pp. 220, 221, 185 S.W.2d 517, p. 520. Terry v. Memphis Stone and Gravel Co., 6 Cir., 222 F.2d 652, 653.

As was stated in Pacific Emp. Ins. v. Liberty Mut. Ins., (Texas, 1949) (C.C. A., 5th) 174 F.2d 1: " * * * the test as to whose employee he was at the time inquired about was to be determined by whose work and whose business was being done at the time of the injury, and that it made no difference who had the right to hire and discharge the employee, or who was paying his salary."

The record in this case demonstrates to the Court's full satisfaction that the defendants Eastman hired Cooper's equipment *AND* his employee, the plaintiff Cradic, to do such work as the defendants Eastman directed to be done under the control of Eastman's personnel. Thus, the plaintiff Cradic became the "loaned employee" of the defendants Eastman, and the defendants Eastman became liable to Cradic for compensation benefits if Cradic was injured, he being limited under the Workmen's Compensation Act to one recovery for the injury, either from defendants Eastman or from his general employer Cooper. Reciprocally, the defendants Eastman gained the limiting protection from a common law negligence action on the part of the plaintiff Cradic.

"If an employer has complied with the provisions of the Workmen's Compensation Act, he is not subject to suit for negligence at common law, since the Act pro-

**592**

vides remedies which are exclusive." McDonald v. Dunn Const. Co., Inc., 182 Tenn., 213, 222, 185 S.W.2d 517; T.C. A. § 50–915.

This being true, the other questions raised in the defendants' motion for a summary judgment can be pretermitted. There is no genuine issue as to a material fact remaining which is justiciable, and under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., the defendants are entitled to a judgment.

The complaint of the plaintiff Cradic will accordingly be dismissed as a matter of law upon the submission by defend- ants of an appropriate order.