716

ROBERT O. CLOWER, JR., Plaintiff in Error, v. MEMPHIS LIGHT, GAS & WATER DIVISION OF THE CITY OF MEMPHIS, and City of Memphis, Defendants in Error. —394 S.W.(2d) 718.

Western Section at Jackson. April 27, 1965.

Certiorari Denied by Supreme Court October 4, 1965.

Carl H. Langschmidt, Jr., and R. Grattan Brown, Jr., Memphis, Montedonico, Boone, Gilliland, Heiskell & Loch, Memphis, of counsel, for plaintiff in error.

C. C. Crabtree, Frank Gianotti, Jr., William A. Sands, and Leo Bearman, Memphis, for defendants in error.

BEJACH, J. In this cause, Robert O. Clower, Jr., who was the plaintiff in the lower court, appeals in error from a judgment for the defendants based on peremptory instruction of the trial judge. In this opinion the parties will be referred to, as in the lower court, as plaintiff and defendants, or called by their respective names.

The sole assignment of error in this court is that "the trial court erred in directing a verdict for the defendants on the ground that the plaintiff was an employee of the

defendants and, therefore, is precluded from bringing a common law action for negligence against the defendants.''

The defendant, Memphis Light, Gas & Water Division, under the provisions of Chapter 381, Private Acts of 1939, operates the electric, gas, and water systems for the use and benefit of the City of Memphis and its population. It was, at first, sued as defendant without joining the City of Memphis as a party defendant, but later, by amendment, the City of Memphis was added.

In the early part of 1962, the Thomas H. Allen Electric Generating Station, owned and operated by defendants, was seriously damaged by fire. In order to repair the damage done by the fire, and at the same time keep the plant in operation, the Memphis Light, Gas & Water Division entered into a contract with the Tri State Armature & Electrical Works, Inc. to furnish man power according to its requirements and to do the work necessary under instructions and directions from the representatives of defendant, Memphis Light, Gas & Water Division's representatives, Burns & Rowe, Inc., D. H. Kregg and Fred Kline. The contract provided for termination at will on notice of fifteen days. The proof establishes that defendants not only reserved the right of control, but that such control was exercised. The contract was a cost plus 10% profit contract.

The plaintiff was an employee of Tri State Armature & Electrical Works, Inc., and in that capacity, while working for the defendants in repairing their plant, was injured. He collected workmen's compensation from the Tri State Armature & Electrical Works, Inc. or its insurance carrier; but, he is undertaking in this lawsuit to collect damages from defendant Memphis Light, Gas

& Water Division as "some person other than the employer", as is authorized by section 50-914 T.C.A.

Counsel for plaintiff contend that Tri State Armature & Electrical Works, Inc., was an independent contractor, and, consequently, that plaintiff, under the provisions of the Workmen's Compensation law, may collect compensation from his employer and sue defendants as a third party for the injuries sustained. Counsel for defendants, on the other hand, contend that plaintiff must, under the facts of this case, be treated and considered as an employee of defendants, and, having collected compensation for the injury sustained, cannot maintain an action against defendants for recovery of further compensation. Accordingly, they contend that, under the facts of this case, Memphis Light, Gas & Water Division must be treated and considered as a principal, or principal contractor, under the provisions of section 50-915 T.C.A. The proof shows that, at the immediate time of the accident to plaintiff, he was performing his duties under the direction of one of the representatives of defendants. The trial judge sustained the contentions of defendants; and, at the conclusion of all the proof, he granted their motion for a directed verdict. Counsel for plaintiff have ably argued the case in this court, and have presented an excellent brief. The same may be said of the argument and brief on behalf of defendants. After careful consideration of the record, as well as the arguments and authorities presented by both sides, we have reached the conclusion that the trial judge arrived at the correct result, and that his judgment must be affirmed.

In the case at bar, plaintiff was primarily an employee of Tri State Armature & Electrical Works, Inc.; but he was working under the direction and control of

defendant Memphis Light, Gas & Water Division, and, therefore, so far as provisions of the Workmen's Compensation law are concerned, he must be treated and considered as an employee of defendants. Consequently, having collected workmen's compensation for his injuries, he cannot be permitted to sue his ultimate employer. Whether Memphis Light, Gas & Water Division be considered as the principal, under the provisions of section 50-915 T.C.A., or whether plaintiff be considered as an employee loaned to it by a subcontractor, the Tri State Armature & Electrical Works, Inc., the result is the same, and plaintiff is barred from maintaining another suit after having collected workmen's compensation from either of them. Section 50-908 T.C.A. makes the rights and remedies granted to an employee by the Workmen's Compensation law against an employer exclude all other rights and remedies against such employer. Section 50-915 T.C.A. makes a principal, intermediate contractor or subcontractor liable for compensation under the Workmen's Compensation law to any employee of any subcontractor. Said section 50-915, including the title or caption of same, is as follows:

"50-915. Liability of principal, intermediate contractor or subcontractor for injuries to any employee— remedies—recovery.—A principal, or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject-matter of the contract to the same extent as the immediate employer.

Any principal, of intermediate contractor, or subcontractor who shall pay compensation under the foregoing provisions may recover the amount paid, from

any person who, independently of this section, would have been liable to pay compensation to the injured employee, or from any intermediate contractor.

Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer, but such proceedings shall not constitute a waiver of the employer's right to recover compensation under this law from the principal or intermediate contractor, provided that the collection of full compensation from one (1) employer shall bar recovery by the employee against any others, nor shall he collect from all a total compensation in excess of the amount for which any of said contractors is liable.

This section shall apply only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management.''

In Finley v. Keisling, 151 Tenn. 464, 270 S.W. 629, the Supreme Court had before it the claim of the widow of a deceased employee for compensation under provisions of the Workmen's Compensation law. Her right of recovery depended on a ruling that the immediate employer of the deceased was not an independent contractor, but that the deceased was an employee of the defendant. The deceased was an employee of one Swafford, who had entered into a contract with the defendant, Keisling, to cut and deliver timber, as designated by the employer, referred to as first party, and to cut and haul said timber as directed by said first party. It was conceded that if Swafford, the immediate employer of the deceased, was an independent contractor, plaintiff was not entitled to recover. The lower court held that Swafford, the

immediate employer of deceased, was an independent contractor, and dismissed the case. The Supreme Court reversed and awarded compensation to the plaintiff, the deceased's widow. The Supreme Court based its ruling on the circumstance that the defendant, the principal, had reserved the right of control. From the opinion of the Supreme Court, written by Mr. Justice McKinney, we quote as follows:

"In the case under consideration, Swafford was 'to cut and haul said timber as directed by said first party.' In addition to this express provision of the contract, the evidence shows, without conflict, that the defendants had the right to say when they should begin cutting; when they should cease; where they should cut; to shift them from one place to another; to designate the character of timber to be cut; the lengths into which the logs were to be sawed, and, generally, to direct and supervise the cutting of the timber. No instance occurs to us in which the authority of the defendants, with respect to this matter, was not paramount. It is true that they did not hire and pay the parties who worked under Swafford, but that matter is not the sole criterion in determining the relationship of the parties. There was no agreement one way or the other as to the right of the defendants to discharge employees, but it is evident, under the contract, that if the work were being done in an unskilled or unworkmanlike manner the defendants had a right to direct how it should be done. And we see no reason why under the broad provisions of the contract, the defendants did not have the right to say how far from the ground the trees should be severed, or in what direction they should be felled, what part of the trees should be cut out on account of

defects, and to direct Swafford in any other matter relative to the cutting and hauling of said timber.

Taking the record as a whole, we are unable to escape the conclusion that Swafford was the servant of the defendants and was obligated to do this work strictly according to the instructions of the defendants. *Where the power to direct and supervise the work is reserved* (emphasis ours), under practically all of the authorities, the contractee is a servant, and not an independent contractor.

The trial court was of the opinion that Swafford was an independent contractor. In this we think he was in error, and for these reasons we feel constrained to reverse the case and decree liability against the defendants.'' Finley v. Keisling, 151 Tenn. 474-475, 270 S.W. 632.

In Powell v. Virginia Construction Company (1890), 88 Tenn. 692, 13 S.W. 691, 17 Am.St.Rep. 925, the Supreme Court, in an opinion written by Mr. Justice Lurton, gave the following definition of an independent contractor:

''An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to control of his employer, except as to the result of his work.'' Powell v. Virginia Construction Company, 88 Tenn. 697, 13 S.W. 692.

Many cases since Powell v. Virginia Construction Company have held that the ultimate question in determining whether or not the relationship of employer and independent contractor exists, depends on whether the employer reserved the right to control of essential de-

tails, and that the question is not determined by whether the employer actually exercised such control, but depends on whether or not the right to control was reserved. Among the cases so holding are Grace v. Louisville & N. Ry. Co., 19 Tenn.App. 382, 89 S.W.(2d) 354; Moore v. Union Chevrolet Co., 46 Tenn. App. 206, 326 S.W.(2d) 855; Owen v. St. Louis Spring Co., 175 Tenn. 543, 136 S.W.(2d) 498; and Brademeyer v. Chickasaw Building Co., 190 Tenn. 239, 229 S.W.(2d) 323.

Among the cases discussing this proposition, which involve specifically the question of workmen's compensation, are Frost v. Blue Ridge Timber Corp., 158 Tenn. 18, 11 S.W.(2d) 860; Mayberry v. Bon Air Chemical Co., 160 Tenn. 459, 26 S.W.(2d) 148; Wardrep v. Houston, 168 Tenn. 170, 76 S.W.(2d) 328; and Shelton v. City of Greeneville, 169 Tenn. 366, 87 S.W.(2d) 1016.

The case of Adams v. Hercules Powder Co., 180 Tenn. 340, 175 S.W.(2d) 319, 151 A.L.R. 1352 is, on its facts, almost completely analogous to the instant case. In that case, in an opinion written by Mr. Justice Neil, later Chief Justice, the Supreme Court held that under the provision of the Workmen's Compensation law making principal contractor liable for injuries to subcontractor's employee to the same extent as the subcontractor, the principal contractor is primarily liable along with the subcontractor, and hence is not a "third-party" liable to common law action. From the opinion of Mr. Justice Neil in that case, we quote, as follows:

"We have had occasion to construe the foregoing sections in a number of cases, some of which will be later referred to in this opinion. In passing to the consideration of the question here involved, we should say preliminarily that decisions from other jurisdic-

tions, wherein compensation statutes not similar to ours have been construed, cannot be considered as persuasive authority. It must be conceded at the very outset that the rights of the parties are governed by our own statute as interpreted by this court, as well as the construction of similar statutes in other jurisdictions. This court has followed without exception the rule that these statutes must be given a liberal interpretation. Counsel for plaintiffs earnestly insist that a 'liberal interpretation' of the act would exclude defendants as employers and hence plaintiffs would not be deprived of their common-law right of action against them. Responding to this contention, we must say that our own inclination to liberality in construing the act, not to mention its mandatory provisions, will not permit us to evade the plain provisions of the statute itself. All compensation statutes create rights as well as benefits that were unknown to the common law. They also deprive injured employees of rights, such as the right to sue the employer at common law. Employers are likewise deprived of the right to make certain common-law defenses to claims for compensation. The chief benefit to employers is that they are immune from suits at common law. The contention of plaintiffs in the instant case, that they are not deprived of the right to sue at common law because the principal employer is only 'secondarily liable' to pay compensation, cannot be successfully maintained. We have been cited to many cases from other jurisdictions holding that a principal contractor is not an employer within the meaning of the statute. We must observe, however, that the statutes thus construed are not the same as the Tennessee Compensation Act, although there may be a general similarity. An examination of the text in 71

C.J., sec. 1561, pp. 1527, 1528, and cases cited, clearly shows that the liability of a principal contractor to suit at common law is entirely dependent upon the provisions of the various compensation acts. Many of the cases cited by counsel refer to the principal contractor as a 'remote' employer and, in some instances, as a 'statutory' employer, and liable to suit at common law. We think that in all instances where such contractor is remote to the transaction in which the employee was injured, or, where his relation to the employee as employer is a mere fiction of the law, it would be highly proper to hold him liable at common law as a 'third party', or 'some other party'. Not so, however, where he is liable from the beginning to pay compensation 'to the same extent' as the immediate employer, as where they may under the statute be joined together as defendants in the same suit.'' Adams v. Hercules Powder Co., 180 Tenn. 345-346, 175 S.W.(2d) 321, 322.

In Adams v. Hercules Powder Company, the Hercules Powder Company had a contract with the United States of America for construction and operation of a new ordinance facility in Hamilton County, Tennessee, and it had entered into a subcontract with Stone and Webster Engineering Corp. for architect, engineering and construction services necessary for the erection of the plant. Stone and Webster Engineering Corporation had in turn entered into a subcontract with Reid-Hayden, Inc., insulation engineers, which last named company was the immediate employer of the plaintiffs. It was conceded that plaintiffs could have sued their employer, Reid-Hayden, Inc., for compensation, and it was held that since they sustained injuries while engaged upon a project in which defendants were directly interested, as principal contractors, under Code section 6866, now section 50-915

T.C.A., that the judgment of the lower court dismissing plaintiffs' suits on demurrer, must be affirmed. In the instant case, plaintiff Clower stands in the same position as did the plaintiff Adams in that case, and the defendant, Memphis Light, Gas & Water Division, stands in the same position as did the Hercules Powder Company. From the Supreme Court's opinion in the Hercules Powder case, we quote, as follows:

"In the present case it appears that the defendants are employers of plaintiffs within the meaning of the act, and not a 'third person'; that they are primarily liable under the act to pay compensation equal in all respects to the liability of plaintiffs' immediate employer, and are therefore entitled to the benefits of the act. It results that Section 6859 of the Code is controlling, and the remedy afforded plaintiffs excludes all other rights and remedies." Adams v. Hercules Powder Co., 180 Tenn. 352, 175 S.W.(2d) 324.

Code Section 6859 above referred to is now carried forward into section 50-908 T.C.A., and is as follows:

"The rights and remedies herein granted to an employee subject to the Workmen's Compensation Law on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death."

For the reasons hereinabove stated, we think the judgment of the lower court, in the instant case, was correct. Appellant's assignment of error will be overruled, and the judgment of the lower dismissing plaintiff's suit will be affirmed.

The costs of the cause will be adjudged against the the plaintiff, Robert O. Clower, Jr.

Avery, P. J. (W.S.), and Carney, J., concur.