**Neva Ruth MANNING, Plaintiff-Appellant,**

v.

**RENTENBACH ENGINEERING COMPANY, INC., Defendant-Appellee.**

Court of Appeals of Tennessee, Eastern Section.

July 22, 1981.

Permission to Appeal Denied by Supreme Court Sept. 21, 1981.

David L. Buuck, with Daniel, Claiborne & Lewallen, Knoxville, for plaintiff-appellant.

Robert B. Ray, with Poore, Cox, Baker, Ray & Byrne, Knoxville, for defendant-appellee.

OPINION

SANDERS, Judge.

The Plaintiff has appealed from a summary judgment dismissing her suit against the Defendant in a wrongful death case.

The Defendant-Appellee, Rentenbach Engineering Company, Inc., was the prime contractor for the construction of a building for Ideal Cement Company. Temperature Control, Inc., was a sub-contractor performing a portion of the general contract between the Defendant and Ideal Cement Company. Ray Manning, husband of the Plaintiff-Appellant, Neva Ruth Manning, was an employee of Temperature Control, Inc.

On October 30, 1978, Ray Manning, in the course of his employment, climbed up on a scaffolding around the building under construction and later fell off the scaffolding, receiving personal injuries which resulted in his death some two days later.

The contract between the Defendant and Temperature Control, Inc., provided that Temperature Control would carry workman's compensation on its employees, which it did, and its insurer, Royal-Globe Insurance Company, paid workman's compensation for the death of Ray Manning. The Plaintiff, however, filed a common law action against the Defendant for wrongful death of her husband. The complaint alleges that the Defendant maintained the scaffolding from which the deceased fell in a dangerous condition; the scaffolding did not contain guard rails and toe boards around the open sides and ends of the scaffolding and the Defendant's negligence was

the proximate cause of the decedent's death.

The Defendant filed an answer denying the allegations of the complaint and filed a motion for summary judgment. In its motion for summary judgment the Defendant insists that as the principal contractor under Tennessee law it is isolated from any common law claim brought by an employee of its subcontractor.

The court sustained the motion for summary judgment and the Plaintiff has appealed, insisting the court was in error.

We cannot agree. T.C.A. § 50–908 provides:

"RIGHT TO COMPENSATION EXCLUSIVE.—The rights and remedies herein granted to an employee subject to the Workmen's Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death."

T.C.A. § 50–915 provides that the principal contractor shall be liable for compensation to any employee of a sub-contractor. As pertinent here, it provides:

"LIABILITY OF PRINCIPAL, INTERMEDIATE CONTRACTOR OR SUBCONTRACTOR FOR INJURIES TO ANY EMPLOYEE—REMEDIES—RECOVERY.—A principal or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject matter of the contract to the same extent as the immediate employer."

The leading case in this jurisdiction dealing with the statutes set out above is the case of *Adams v. Hercules Powder Co.*, 180 Tenn. 340, 175 S.W.2d 319 (1943). In that case our Supreme Court held there was no common law liability on the prime contractor to an employee of a sub-contractor. The court pointed out that under the statute the principal contractor could be sued jointly with the sub-contractor for workman's compensation by an employee of a sub-contractor. Then the court said, 175 S.W. at 323:

"If, as we have held, the principal contractor is 'primarily liable' along with the immediate employer, and may be joined in the same suit with him, it is well-nigh inconceivable that he could be thought of as a 'third party' or 'some other party' and liable to suit for damages under the common law."

The court further said, 175 S.W. at 322:

" 'Our conclusion is that the general contractor stands as an employer, and his character as such cannot be put on and off at the choice of chance or convenience.' "

The issues are found in favor of the Appellee. The judgment of the trial court is affirmed and the cost of this appeal is taxed to the Appellant.

GODDARD and FRANKS, JJ., concur.