Mrs. Arthur J. Fisher, Jr., Plaintiff in Error,

*v.*

The J. F. G. Coffee Company, Defendant in Error.

426 S.W.2d 502.

(*Knoxville,* September Term, 1967.)

Opinion filed December 15, 1967.

E. T. Palmer, Dyersburg, and Richard Stair, Knoxville, for plaintiff in error.

McAfee Lee, Knoxville, for defendant in error.

334

PER CURIAM.

Plaintiff in error, Mrs. Arthur J. Fisher, Jr., as widow of Arthur J. Fisher, Jr., deceased, brought suit against defendant in error, The J. F. G. Coffee Company, for death benefits under our Workmen's Compensation Statutes. The trial court, finding deceased at the time of his death was acting as an independent contractor rather than an employee, dismissed the suit. Plaintiff in error appeals to this Court, assigning error to this finding of the trial court.

Deceased regularly employed as a traffic controller at the Knoxville, Tennessee Airport, supplemented his income by piloting aircraft for various individuals and companies when not on his regular job. H. T. Hackney Company of Knoxville acquired an aircraft and in order to reduce the cost of ownership rented the plane to other individuals and companies in the Knoxville area. In October, 1964, defendant in error made arrangements to rent this plane from Hackney to make a business trip to Middle Tennessee. Under this rental agreement defendant in error paid Hackney $35.00 per hour, and deceased,

as pilot, $5.00 per hour and expenses. On this trip the plane crashed and all abroad lost their lives.

■ The trial judge found this to be a chartered flight with one exception; that is, defendant in error procured the pilot (deceased). On this exception the trial judge, on the issue of whether deceased was an employee or independent contractor, applied the test of rights of control set out in 1A Larson, Workmen's Compensation sec. 44, which is (1) direct evidence of right or exercise of control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire.

■ As to the first factor, right or exercise of control, the defendant in error could not change the destination, time of arrival, or return to Knoxville agreed upon prior to leaving Knoxville without the consent of deceased.

The second factor, method of payment, presents the only strong evidence deceased was an employee rather than an independent contractor. Deceased had made a number of flights similar to the one here at issue and upon completion of each flight would bill his hours and expenses to the company renting the plane. Deceased was paid the full amount of his bill without deductions for income tax or social security payments. The trial judge found these payments to deceased were not on a recurring basis but more closely resembled an arrangement where a worker was paid on a completed or single job basis.

The third factor, furnishing of equipment, furnishes the strongest evidence deceased was not an employee. Defendant in error furnished no equipment, including gas and oil, for the flight.

Under the last factor the defendant in error had no right to terminate deceased's employment during the course of the flight for which the plane had been rented. If defendant in error became dissatisfied with deceased as a pilot, the only thing it could do would be not to employ him the next time the plane was rented.

We think the finding of the trial judge on the issue here is supported by inferences which may be reasonably and fairly drawn from the evidence and such being the case this finding will not be disturbed here on appeal even though the evidence be susceptible to opposing inferences. See *Jones v. Lenoir City Car Works,* 216 Tenn. 351, 392 S.W.2d 671 (1965).

The judgment of the trial court is affirmed.