James R. Hendrix, Plaintiff-in-Error,

*v.*

Ray-Ser Dyeing Company, Defendant-in-Error.

462 S.W.2d 483

(*Knoxville,* September Term, 1970.)

Opinion filed December 11, 1970.

Ray Siener, Chattanooga, for plaintiff-in-error.

F. Thornton Strang, Strang, Fletcher, Carriger, Walker & Hodge, Chattanooga, for defendant-in-error.

Mr. Justice Chattin delivered the opinion of the Court.

James R. Hendrix, hereinafter referred to as plaintiff, has appealed to this Court from an adverse judgment of the trial court denying workmen's compensation benefits.

Ray-Ser Dyeing Company, hereinafter referred to as defendant, was engaged in the business of dyeing and processing man-made fibers, threads and yarn.

In carrying out its business, it was necessary to maintain a boiler to generate steam to heat the dye base and to furnish heat for the dryer and the building in which the business was performed.

There was a smoke stack through which smoke from the steam furnace was emitted atop the building.

Frank Carter, President of the defendant Company, employed John Scott to paint the smoke stack for a stipulated sum of money. Defendant furnished the paint. Scott furnished his own equipment. He was at liberty to paint the stack at his convenience.

Scott, in turn, employed plaintiff to do the painting. On a Sunday in March, 1969, plaintiff, his two sons and Scott, went to the building to paint the stack. While using the equipment of Scott to ascend the smoke stack, a rope broke and plaintiff fell some twenty feet and severely injured his left foot.

Scott did not carry workmen's compensation insurance because he regularly employed less than five employees. This action was filed against defendant and its Workmen's Compensation Insurance carrier, Liberty Mutual Insurance Company, on the theory T.C.A. Section 50-915 applied and which provides in part:

"A principal, or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject matter of the contract to the same extent as the immediate employer."

Defendant defended on the grounds Scott was an independent contractor and plaintiff a casual employee.

The trial judge found for defendant on both issues and dismissed the suit.

Plaintiff has filed two assignments of error in which it is insisted the trial judge erred in holding plaintiff was not covered by the Workmen's Compensation Act because his employer was an independent contractor; and that plaintiff was at most a casual employee.

The trial judge found, and it is undisputed, the smoke stack was a vital part of the dyeing process. That it had been the practice of defendant not to use its regular employees to paint the smoke stack; and that defendant had contracted on previous occasions with Scott to paint the stack.

It is, also, undisputed defendant contracted with Scott to paint the smoke stack using his own equipment, except the paint, and at his convenience for a stipulated sum of money. That defendant did not, under the contract, assume any control over Scott or his employees in painting the smoke stack.

We are of the opinion the trial judge correctly held Scott was an independent contractor.

"Generally the term signifies one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer, except as to the result of the work, and who has a right to employ and direct the action of the workmen, independently of such employer and free from any superior authority in him to say how the specified work shall be done or what the laborers will do as it progresses; one who undertakes to produce a given result without being in any way controlled as to the method by which he at-

tains that result." 31 C.J., Independent Contractors, 473; *Odom v. Sanford & Treadway*, 156 Tenn. 202, 299 S.W. 1045 (1927).

However, plaintiff argues defendant had contracts with others for dyeing their thread or yarn. That in order to perform these contracts, "the principal contractor, Ray-Ser Dyeing Company, had to use its building, boiler and smoke stack."

In support of this insistence, plaintiff cites numerous cases holding a principal contractor under T.C.A. Section 50-915, which we have quoted above, is liable for Workmen's Compensation benefits to employees of subcontractors arising out of and in the course of their employment, whether such subcontractors be independent contractors or otherwise.

We have no quarrel with these holdings under the facts of those cases. They simply do not apply to the facts of this case.

In the instant case, defendant was not a principal contractor within the meaning of T.C.A. Section 50-915. Defendant had not contracted to paint or do any other maintenance work for another. Defendant merely employed Scott to paint the smoke stack according to his own methods for a stipulated price.

Defendant did not employ plaintiff, nor was he under defendant's control. He was under the control of Scott. *Siskin v. Johnson*, 151 Tenn. 93, 268 S.W. 630 (1924).

In construing this section under consideration, this Court, in the case of *Williams v. Buchanan*, 149 Tenn. 639, 261 S.W. 660 (1923), said:

"We think, under this section of the act, principal contractors are made liable for injuries sustained by employees of subcontractors arising out of and in the course of their employment, whether such subcontractors be independent contractors or otherwise, provided that, at the time of the injury, the employee was engaged upon the subject-matter of the general contract. * * * It seems to us that no other reasonable construction can be given said section. It will be noted that said section expressly provides that the principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject-matter of the contract to the same extent as the immediate employer."

Plaintiff was not engaged upon the subject matter of a general contract. Defendant was not engaged in the business of painting or other maintenance work.

"The question of whether a claimant is an employee within the meaning of T.C.A. Section 50-902(b) or whether he is a casual employee under T.C.A. Section 50-906(b) are separate and distinct questions. One must not be confused with the other. If an employment relation does not exist, the claimant is not an employee under T.C.A. Section 50-902(b). Where a claimant is not an employee within the meaning of T.C.A. Section 50-902(b), the issue of casual employment is never reached." *Butler v. Johnson,* 221 Tenn. 366, 426 S.W.2d 515 (1968).

There is no evidence in the record defendant had ever used its regular employees or maintained a regular maintenance department for such work as in *Armstrong*

*v. Spears,* 216 Tenn. 643, 393 S.W.2d (1965), and *Smith v. Lincoln Memorial University,* 202 Tenn. 238, 304 S.W.2d 70 (1956).

Plaintiff was an employee of Scott, an independent contractor, and under his control. He was not performing a task usually performed by defendant's regular employees.

"On the issue of casual employment this statute prescribes a unitary and exclusive test which is whether, at the time of the injury, the employee was employed in the usual course of trade, business, profession or occupation of the employer." *Travelers Insurance Company v. Dozier,* 219 Tenn. 525, 410 S.W.2d 904 (1966).

It is clear from the record in this case plaintiff was not employed in the usual course of defendant's business. He was employed by Scott to perform a job defendant's regular employees were not required to do.

The judgment of the trial judge in dismissing the suit is affirmed.

DYER, CHIEF JUSTICE, and CRESON, HUMPHREYS, and McCANLESS, JUSTICES, concur.