Alan Lee CARVER, Plaintiff-Appellee,

v.

SPARTA ELECTRIC SYSTEM and
Bituminous Insurance Company,
Defendants-Appellants.

Supreme Court of Tennessee,
at Nashville.

April 8, 1985.

Ernest D. Bennett, III, Sparta, for defendants-appellants.

Steven L. Flatt, Cookeville, for plaintiff-appellee.

## OPINION

DROWOTA, Justice.

In this worker's compensation action, the chancellor held that an employer-employee relationship existed between Plaintiff and Defendant Sparta Electric System and awarded disability benefits to Plaintiff. The court awarded $11,369.39 for medical expenses and maximum temporary total disability benefits from the date of the injury, July 16, 1980, to December 2, 1980. The trial court further ordered Defendants to pay for additional surgical procedures designed to treat a cosmetic disfigurement to Plaintiff's head. Defendants appeal, alleging first that Plaintiff was an independent contractor and thus not covered under the Worker's Compensation Act and second, in the alternative, that the cosmetic surgery for Plaintiff's head is not "reasonably necessary" within the meaning of T.C.A. § 50–6–204(b).

Plaintiff was employed by Charles Lee, d/b/a Lee's Tree Service. Lee's Tree Service was under oral contract with Sparta Electric System to cut tree limbs around power lines operated by Sparta Electric. Under the terms of the contract, Lee was required to work enough hours to complete the assignment. Lee and Plaintiff usually worked 40 hours per week for Sparta Electric and their work on other jobs was incidental. Sparta Electric paid Lee $30 per hour, and Lee was required to supply his own tools and equipment, although Lee occasionally used tools belonging to Sparta Electric for especially large jobs. Although Lee was responsible for paying Plaintiff and Sparta Electric did not withhold social security and income taxes from the amounts paid Lee, the proof showed that Sparta Electric could exert pressure on Lee to discharge any employee with whom Sparta Electric was not satisfied and that Sparta Electric could change Lee's assignments as it saw fit. If problems concerning power lines arose in other locations, Lee would be required by Sparta Electric to suspend his pre-assigned duties and to attend to the more pressing problems. Lee could accept other jobs only to the extent that it would not interfere with his responsibilities to Sparta Electric. Sparta Electric checked Lee's work to insure it was satisfactory to the private property owner on whose land the trees were growing and to Sparta Electric.

Plaintiff was hired by Lee in November of 1979. He was allegedly injured when his head came in contact with an electrical wire while riding in the bucket of a "cherry picker." Electricity severely burned the top of Plaintiff's head and the palm of his hand which had been touching the controls of the cherry picker. Plaintiff sustained second degree burns to his hand and second and third degree burns to his scalp. His hand has reached maximum recovery but the burn to his scalp continues to cause difficulty. Two surgical procedures have

been performed on the scalp. The first procedure had as its purpose the cutting away of damaged tissue and the grafting of skin from Plaintiff's thigh onto his head. The second procedure was necessitated by the failure of the original graft due to the depth of the burn and involved moving some of Plaintiff's present scalp over the burned area. Following these surgical procedures, Plaintiff has a bald and scarred area on his head measuring approximately two inches by four inches. Plaintiff contends, and the trial judge agreed, that further surgery is necessary to improve Plaintiff's appearance. According to the treating physician, Dr. Madden, two procedures six months apart could improve Plaintiff's condition. This surgery has not yet taken place; Defendants appealed to this Court from the interlocutory order of the trial court which required Defendants to pay for this additional surgery.

■ Defendants first allege that they are not liable for any of Plaintiff's injuries because they believe Charles Lee, Plaintiff's employer, was not an employee of Sparta Electric System but was instead an independent contractor. Therefore, Defendants insist that since Charles Lee was not an employee, neither was Plaintiff an employee. The trial court rejected the Defendants' contention and found that the employer failed to carry its burden of showing that Plaintiff was an independent contractor. The trial court held that Plaintiff was an employee of Sparta Electric at the time he sustained his accidental injury. That finding must be affirmed if there is material evidence to support it. T.C.A. § 50–6–225(e). *See, e.g., Liberty Mutual Ins. Co. v. Taylor,* 590 S.W.2d 920 (Tenn. 1979); *Trane Co. v. Morrison,* 566 S.W.2d 849 (Tenn.1978).

■ In determining whether the relationship is that of employer-employee or that of independent contractor, we have said that the following are factors to be considered and that no one factor is necessarily dispositive: (1) right to control the conduct of work; (2) right of termination; (3) method of payment; (4) whether alleged employee furnished his own helpers; and (5) whether alleged employee furnishes his own tools. *Cromwell General Contractor, Inc. v. Lytle,* 222 Tenn. 633, 439 S.W.2d 598 (1969); *see also Fisher v. J.F.G. Coffee Co.,* 221 Tenn. 333, 426 S.W.2d 502 (1967).

■ Although no single fact is necessarily dispositive, we have repeatedly emphasized the importance of the right to control. *Jones v. Crenshaw,* 645 S.W.2d 238 (Tenn.1983); *Lindsey v. Smith and Johnson, Inc.,* 601 S.W.2d 923 (Tenn.1980); *Wooten Transports, Inc. v. Hunter,* 535 S.W.2d 858 (Tenn.1976). The test is not whether the right to control was exercised but merely whether the right to control existed. *Jones v. Crenshaw, supra, Wooten Transports, Inc. v. Hunter, supra.* In the case at bar, there is abundant evidence that a right to control existed. At the beginning of each work day, Mr. Lee received his assignment from the Manager or Superintendent of Operations of Sparta Electric. If problems developed during the day, Defendant could order Mr. Lee and Plaintiff to go to that location. Mr. Lee was also not free to accept other employment, if it interfered with Lee's ability to perform 40 hours of work per week for Sparta Electric. The record supports the finding that Sparta Electric not only had the right to control but also exercised a degree of control that was more pervasive than merely insuring that the end result conformed to plans and specifications.

■ Another related factor is the right to terminate. The right to terminate a contract at will is indicative of an employee-employer relationship. *Masiers v. Arrow Transfer and Storage Co.,* 639 S.W.2d 654, 656 (Tenn.1982); *Jackson Sawmill, Inc. v. West,* 619 S.W.2d 105, 109 (Tenn. 1981). It was observed in *Armstrong v. Spears,* 216 Tenn. 643, 393 S.W.2d 729 (1965), that the right to terminate is incompatible with the full control of the work which is usually enjoyed by the independent contractor. In the case at bar there is no question that the right to terminate Plaintiff or Mr. Lee existed. Mr. Spark-

man, Manager of Sparta Electric, testified that Sparta Electric could terminate Lee and that it could force Lee to terminate Plaintiff. Lee's employment was in fact terminated by Sparta Electric in 1981 on grounds that Sparta Electric could do the work more efficiently with other employees.

 Defendants emphasize that Sparta Electric did not withhold social security or income taxes from the money paid Lee and that Lee used his own tools. Although these facts are considerations, on the facts of this case neither is sufficient to make this an independent contractor relationship. In *Wooten Transports, Inc. v. Hunter, supra* at 860, this Court held that the fact that neither social security nor withholding taxes were deducted is not in itself controlling. *See also Seals v. Zollo*, 205 Tenn. 463, 327 S.W.2d 41 (1959). Similarly, the furnishing of tools by the employee is insufficient, without more, to establish the relationship of independent contractor.

Because the Defendants possessed the right to control and the right to terminate the employment of Plaintiff, the finding of the trial court that Plaintiff was an employee of Sparta Electric is supported by material evidence and therefore must be affirmed.

Since we have held that Defendants are liable under the Worker's Compensation Law, we must determine whether the cosmetic surgery to Plaintiff's scalp is "reasonably necessary" within the meaning of T.C.A. § 50–6–204(b). That section provides in pertinent part that

> [w]here the nature of the injury ... is such that it does not disable the employee but *reasonably requires* medical, surgical or dental treatment or care, medicine, surgery and ... medical and surgical supplies ... shall be furnished by the employer. (emphasis added.)

The Chancellor specifically found that "further surgical procedures suggested by the Plaintiff's treating physician for the purpose of reducing or eliminating a bald spot on Plaintiff's scalp are reasonably necessary within the terms and provisions of the Tennessee Worker's Compensation Act." The finding of the Chancellor is supported by the testimony of the Plaintiff and his treating physician, a plastic surgeon. Furthermore, the Chancellor had the opportunity to view the Plaintiff after the previous treatment. There is nothing in the record to indicate that Plaintiff's further treatment is not reasonably necessary. The only picture of Plaintiff is one before treatment which indicates extensive scarring and baldness.

Defendants' reliance on the disfigurement statute, T.C.A. § 50–6–207(3)(E), is misplaced. The issue here is not the amount of benefits for permanent partial disability, governed by T.C.A. § 50–6–207(3), but whether the surgery sought is "reasonably necessary" within the meaning of T.C.A. § 50–6–204(b). The trial court held that the surgery was "reasonably necessary" and that decision is supported by material evidence and must be affirmed.

The judgment of the trial court is affirmed and the cause is remanded. Costs on appeal are taxed to the Defendants.

COOPER, C.J., and FONES, BROCK and HARBISON, JJ., concur.