Rufus D. STRATTON,
Plaintiff-Appellee,

v.

UNITED INTER–MOUNTAIN
TELEPHONE COMPANY,
Defendant-Appellant.

Supreme Court of Tennessee,
at Knoxville.

Aug. 12, 1985.

David W. Tipton, William A. Watson, Bristol, for plaintiff-appellee.

Shelton B. Hillman, Jr., Bristol, for defendant-appellant.

## OPINION

DROWOTA, Justice.

In this tort action Plaintiff seeks damages for personal injuries suffered while working on a utility pole belonging to Defendant, United Inter-Mountain Telephone Company. Plaintiff's immediate employer, Wright and Lopez Construction Company, was performing work for Defendant pursuant to a contract. Plaintiff recovered worker's compensation benefits from Wright and Lopez and thereafter sued the Telephone Company in tort. Defendant moved for summary judgment on grounds the suit was barred by the principal contractor provision of the Worker's Compensation Act, T.C.A. 50–6–113. The motion was granted by the trial court, but the Court of Appeals reversed, holding as a matter of law that Defendant was not a principal contractor under § 50–6–113. Defendant's application for permission to appeal was granted by this Court.

The dispositive issue in this appeal is whether the Telephone Company is a statutory employer for purposes of the Worker's Compensation Act. If it is an "employer" Plaintiff's common law action must be dismissed because worker's compensation benefits would be Plaintiff's exclusive remedy. See T.C.A. § 50–6–108. It is Plaintiff's position that his immediate employer, Wright and Lopez Construction Company, was an independent contractor and that the Telephone Company is a "third-party" subject to a common law action under the provisions of T.C.A. § 50–6–112.

The facts in this case are largely undisputed. Plaintiff was employed by Wright and Lopez Construction Company which in turn had a contract with United Inter-Mountain Telephone Company (hereinafter "Defendant" or "Telephone Company"). The contract obligated Wright and Lopez to perform certain telephone field work on an "as needed" basis. Plaintiff was engaged in pole line and aerial cable construction work when he was injured. The utility pole on which he was working fell, knocking Plaintiff to the ground. The fact of Plaintiff's injuries is not disputed, for he suffered chest injuries, a cerebral contusion, abdominal injuries and face injuries as well as other bruises and contusions. Plaintiff's complaint stated that the injuries were proximately caused by the negli-

gence of the telephone company; to wit, allowing the Plaintiff to climb a utility pole that the Telephone Company knew, or should have known in the exercise of due diligence, was improperly installed.

The evidence in this case consisted primarily of the written contract between Wright and Lopez Construction Company and the Telephone Company, an affidavit from Kelly Simmerman, Outside Plant Construction and Maintenance Manager for the Telephone Company and an affidavit from Plaintiff. The contract obligated Wright and Lopez to "perform, or furnish, within the area designated by the Telephone Company, such of the work items and/or labor and/or equipment ... as are authorized by work orders delivered to the contractor by the Telephone Company, from time to time, during the term of this contract ...." The Telephone Company also expressly retained the right "to assign similar work ... to other contractors or to its own employees ... and ... the Telephone Company shall not be required to assign any specific amount, quantity or volume of work to the Contractor." Wright and Lopez was required to furnish all tools and implements required to fully perform its work. The contractor agreed to perform all work in accordance with existing practices of the Telephone Company and in a manner consistent with applicable safety precautions. Article 1(e) of the contract provided as follows:

> The Contractor shall furnish, employ and have exclusive control of all persons to be engaged in or about the work performed under this Contract; and shall prescribe and control the means and methods of doing such work. All persons employed by the Contractor in and about the performance of any such work shall be agents or employees of the Contractor, and neither the Contractor nor any of such agents or employees shall be deemed to be agents or employees of the Telephone Company for any purpose whatsoever; the Contractor being, and at all times acting as, an independent Contractor hereunder, and being responsible as an independent Contractor to the Telephone Company and others.

In the contract the Telephone Company reserved the right "to request the Contractor to promptly remove from the job any employee of the Contractor ... who, in the sole opinion of the Telephone Company, is not doing an adequate job or is conducting himself in a manner as to reflect unfavorably upon the Telephone Company." Regarding beginning and completion dates, "the Telephone Company shall have the right to direct the order of precedence or priority in which any portions of work ... shall be performed, and the times at which the work shall be performed." The Contractor also agreed to "indemnify, defend and save the Telephone Company harmless from and against any and all claims ... arising in or resulting from the performance of work under this contract or the failure of the contractor to comply with any of the provisions of this contract ..." including injury or death to persons and payments under worker's compensation. The contract also required Wright and Lopez to carry minimum amounts of public liability, property damage, automobile and worker's compensation insurance.

The affidavit of Kelly Simmerman, Outside Plant Construction and Maintenance Manager for the Telephone Company accompanied Defendant's motion for summary judgment. The affidavit stated that Wright and Lopez does certain field work for the Telephone Company on an "as needed" basis and that all of the work assigned to Wright and Lopez is work usually done by Telephone Company employees as a routine part of their job. The affiant stated that Plaintiff was performing "pole line and aerial cable construction" work when he was injured and that this is typical work usually performed by regular employees. The affiant also summarized various provisions of the contract which were previously alluded to.

In response to the motion for summary judgment Plaintiff filed his own affidavit which stated how he was injured, that he was working under the direction and control of Wright and Lopez when injured, and that to his knowledge no supervision or control of the work was being exercised by agents or employees of the Telephone Company. Plaintiff's affidavit did not controvert any of the statements contained in the affidavit filed by Defendant.

In granting the Defendant's motion for summary judgment, the trial court emphasized that Plaintiff was performing work that a Telephone Company employee normally performed. The Court reasoned that if the Telephone Company was seeking to avoid worker's compensation liability, that he would rule in Plaintiff's favor. Therefore he felt the same analysis applied in the type case that was presented, and that Plaintiff should be barred from seeking recovery in tort against the Telephone Company.

The Court of Appeals reversed, on grounds the Telephone Company was not a "principal contractor" within the meaning of T.C.A. § 50–6–113. The Court held as a matter of law that the Telephone Company was not a principal contractor because it was not performing "work for another" and that it was not engaged in the subject matter of a general contract.

■ The basis of liability under the Worker's Compensation Act is the employer-employee relationship. This Court has frequently denied a worker benefits because he was an independent contractor and therefore not an employee within the meaning of the Act. *See Masiers v. Arrow Transfer & Storage Company*, 639 S.W.2d 654 (Tenn.1982); *Lindsey v. Smith & Johnson, Inc.*, 601 S.W.2d 923 (Tenn.1980); *Cromwell General Contractor, Inc. v. Lytle*, 222 Tenn. 633, 439 S.W.2d 598 (1969). In analyzing whether the relationship is that of employer-employee or that of independent contractor, this Court has said that

the following are factors to be considered and that no one factor is necessarily dispositive: (1) right to control the conduct of work; (2) right of termination; (3) method of payment; (4) whether alleged employee furnishes his own helpers; (5) whether alleged employee furnishes his own tools; and (6) whether one is doing "work for another." *Carver v. Sparta Electric System*, 690 S.W.2d 218 (Tenn.1985); *see also Cromwell General Contractor, Inc. v. Lytle, supra*. Although no single test is necessarily dispositive, the importance of the right to control the conduct of the work has been repeatedly emphasized. *Carver v. Sparta Electric System, supra; Wooten Transports, Inc. v. Hunter*, 535 S.W.2d 858 (Tenn.1976). The test is not whether the right to control was exercised but merely whether the right to control existed. *Wooten Transports, Inc. v. Hunter, supra*.

■ In T.C.A. § 50–6–113, the responsibility for worker's compensation benefits is expanded beyond the traditional employer-employee relationship to principal and intermediate contractors and subcontractors. That section provides as follows:

*Liability of principal, intermediate contractor or subcontractor.*—(a) A principal, or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject matter of the contract to the same extent as the immediate employer.

(b) Any principal, or intermediate contractor, or subcontractor who shall pay compensation under the foregoing provisions may recover the amount paid, from any person who, independently of this section, would have been liable to pay compensation to the injured employee, or from any intermediate contractor.

(c) Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer, but

such proceedings shall not constitute a waiver of the employee's rights to recover compensation under this chapter from the principal or intermediate contractor, provided that the collection of full compensation from one (1) employer shall bar recovery by the employee against any others, nor shall he collect from all a total compensation in excess of the amount for which any of said contractors is liable.

(d) This section shall apply only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management.

The intent of the statute was to insure as far as possible to all workers payment of benefits when they were injured in the course of their employment. *Billings v. Dugger,* 50 Tenn.App. 403, 362 S.W.2d 49 (1962); *Clendening v. London Assurance Co.,* 206 Tenn. 601, 336 S.W.2d 535 (1960); *see also Posey v. Union Carbide Corp.,* 510 F.Supp. 1143 (M.D.Tenn.1981). The section passes coverage from employers who might not have coverage to intermediate or principal contractors who do have coverage. This prevents employers from contracting out normal work simply to avoid liability for worker's compensation.

In the case at bar, the Court of Appeals held that the Telephone Company was not a principal contractor because it did not "undertake work for another" nor was it engaged in the subject matter of a general contract. For reasons hereinafter set out, we reverse the judgment of the Court of Appeals and reinstate the judgment of the trial court, which granted summary judgment in favor of the Telephone Company.

This Court has on several other occasions construed § 50-6-113. In *Siskin v. Johnson,* 151 Tenn. 93, 268 S.W. 630 (Tenn. 1925), the Court held that Siskin, who had hired Johnson to unload some railroad cars, was not a principal contractor and therefore dismissed plaintiff's suit for worker's

compensation benefits. Although the Court observed that defendants were not undertaking work for another, the decision seems based on a finding that plaintiff was an independent contractor who was not subject to defendants' control and furthermore that the principal contractor section applies only to premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management. T.C.A. 50-6-113(d). The accident in this case did not occur on premises under the control of defendants, but occurred while plaintiff was transferring cargo from a railroad station to a foundry.

The Court of Appeals also cites *Clendening v. London Assurance Co.,* 206 Tenn. 601, 336 S.W.2d 535 (1960), and *Hendrix v. Ray-Ser Dyeing Co.,* 224 Tenn. 690, 462 S.W.2d 483 (1970), for the proposition that a principal contractor is one who undertakes to perform work for another and hires sub-contractors to do certain portions of the job. In *Clendening, supra,* plaintiff was injured while doing brick work on a house owned by the defendant who had subcontracted the brick work to plaintiff's immediate employer. The owner had contracted to sell the house upon completion. In rejecting the contention that the owner was not a principal contractor, the Court held that the owner was a principal contractor because he had undertaken to build the houe for subsequent purchasers and therefore was liable to Plaintiff for benefits even though Plaintiff's employer was an independent contractor. The Court found that defendant "was the 'principal contractor,' had 'undertaken to execute [the] work,' was in control, and present on the project when plaintiff's injury occurred." 206 Tenn. at 610, 336 S.W.2d at 538. The Court added that "such an injured workman need not be an employee of the principal contractor; it is enough if he was an *employee* of any subcontractor on the project." 206 Tenn. at 609, 336 S.W.2d at 538, citing *McVeigh v. Brewer,* 182 Tenn. 683, 691-693, 189 S.W.2d 812, 815-

816 (1945), and *Williams v. Buchanan,* 149 Tenn. 639, 643, 261 S.W. 660, 661 (1923) (emphasis in original).

In *Hendrix v. Ray-Ser Dyeing Co., supra,* defendant was engaged in the business of dyeing and processing, fibers. Defendant contracted with plaintiff's employer to paint the smoke stack at the processing plant. Plaintiff was injured when he fell from the smoke stack. The Court held that plaintiff's employer was an independent contractor and that defendant was not engaged in the business of painting or other maintenance work. Plaintiff was the employee of an independent contractor and defendant had no control over the painting of the smokestack. The Court concluded that "Plaintiff was not engaged upon the subject matter of a general contract. Defendant was not engaged in the business of painting or other maintenance work." 224 Tenn. at 695, 462 S.W.2d at 485. Although the Court refers to the "work for another" rule, it is clear that the decision is based on the fact that plaintiff was doing work that was not done by defendant's regular employees and that defendant had no control over the manner in which the painting was done.

Defendants rely upon a decision of the Court of Appeals interpreting the principal contractor provision of the Worker's Compensation Law, *Carpenter v. Hooker Chemical & Plastics Corp.,* 553 S.W.2d 356 (Tenn.App.1977). In a wrongful death action plaintiff sought recovery in tort for the death of an employee of Maury Steel who was killed while doing work for Hooker Chemical pursuant to a contract between Maury Steel and Hooker Chemical. The work consisted of the rebuilding of Hooker's reduction furnaces, a job that had to be done every three years. The work was being done partly by employees of Hooker Chemical and partly by employees of outside contractors including Maury Steel. The employees of Maury Steel were used for an indefinite time to perform whatever details were assigned to them by Hooker,

and employees of Hooker were engaged in the same project. In dismissing the tort action, the court held that the plaintiff's sole remedy was the recovery of benefits under the Worker's Compensation Law and that Hooker Chemical was not a "third-party" against whom a tort action could be maintained under T.C.A. § 50-6-112 (formerly § 50-914). *See also Clower v. Memphis, Light, Gas & Water,* 54 Tenn.App. 716, 394 S.W.2d 718 (1965), and *Adams v. Hercules Powder Co.,* 180 Tenn. 340, 175 S.W.2d 319 (1943).

The preceding discussion indicates that whether one is undertaking "work for another" is occasionally considered in determining whether one is a principal contractor under T.C.A. § 50-6-113. However it is clear that whether one is doing work for another is not dispositive of the issue of whether one is a statutory employer within the meaning of the Worker's Compensation Act. In the case at bar, the Court of Appeals erred in relying solely on the work for another rule.

This Court's decisions in *Siskin v. Johnson, supra,* and *Hendrix v. Ray-Ser Dyeing Co., supra,* are clearly distinguishable factually from the case at bar. They represent typical independent contractor situations: an employer subcontracts work that is totally different from his regular line of work and therefore cannot be adequately performed by his own employees. In both cases the defendant retained no right of control but was only interested in the final result. In *Hendrix,* the Court observed that the defendant always subcontracted painting work and that regular employees never performed this type of work. *Siskin v. Johnson, supra,* is another classic example of piece-work being subcontracted to an independent contractor. Plaintiff unloaded railroad cars and took the cargo to a foundry. Neither location was under the control of defendant.

■ Plaintiff argues in the case at bar that no right to control existed. We re-

spectfully disagree. In many respects this case is similar to *Carver v. Sparta Electric System,* 690 S.W.2d 218 (Tenn.1985), a worker's compensation opinion that was released for publication on April 8, 1985. In that case plaintiff was employed by Lee's Tree Service who in turn contracted with Sparta Electric System. The tree service trimmed branches and limbs around power lines owned by Sparta Electric System. The tree service supplied its own employees, most of its own tools, and Sparta Electric did not withhold social security or income taxes from the amount paid Lee's Tree Service under the contract. However, Sparta Electric could exert pressure on Lee to terminate any of Lee's employees with whom Sparta Electric was not satisfied and could change Lee's work assignments if problems arose in other areas. This Court held that a right to control and a right to terminate existed and therefore plaintiff was a statutory employee of Sparta Electric and not simply an employee of an independent contractor. In the present contract, the Telephone Company had the right to request the contractor to remove any employee with whom it was not satisfied. The Telephone Company also retained the right to direct the order of precedence or priority in which the work was to be done. The affidavit from the Outside Plant Construction and Maintenance Manager stated that Plaintiff performed work usually performed by regular Telephone Company employees. It is apparent that the Telephone Company had control over the materials to be used, the employees to be used on the job and the general manner in which the job was to be performed. Plaintiff's statement by affidavit that no control or supervision was being exercised by employees of the Telephone Company is insignificant. The cases are united in holding that it is the *right* to control, not the exercise of control, which is important. *Wooten Transports, Inc. v. Hunter, supra; Jones v. Crenshaw,* 645 S.W.2d 238 (Tenn.1983).

■ The provision in the contract that purports to establish that Wright and Lo-

pez is an independent contractor is likewise not dispositive of the case. When the facts are essentially undisputed, as in this case, the question of whether one is an employee or an independent contractor is one of law for the courts. *Seals v. Zollo,* 205 Tenn. 463, 327 S.W.2d 41 (1959); *see also Brademeyer v. Chickasaw Bldg. Co.,* 190 Tenn. 239, 229 S.W.2d 323 (1950). The parties cannot by contract take this responsibility from the court. Presumably the provision was intended by the Telephone Company to insulate it from worker's compensation liability. Such a provision is of no effect. "No contract or agreement, written or implied, or rule, regulation, or other device, shall in any manner operate to relieve any employer ... of any obligation created by [the Worker's Compensation Act] except as herein provided." T.C.A. § 50–6–114. For a discussion of this statutory provision see *Clanton v. Cain-Sloan Co.,* 677 S.W.2d 441 (Tenn.1984).

■ Having determined that the Telephone Company was a statutory employer within the meaning of the Worker's Compensation Act, it follows that the present common law suit in tort for personal injuries cannot be maintained. T.C.A. § 50–6–108 establishes that worker's compensation benefits are plaintiff's exclusive remedy: "The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident ... shall exclude all other rights and remedies of such employee ... at common law or otherwise, on account of such injury or death." Under T.C.A. § 50–6–112, when a compensable injury is "caused under circumstances creating a legal liability against *some person other than the employer* to pay damages ... such injured worker ... may pursue his ... remedy by a proper action in a court of competent jurisdiction against such other person." (emphasis added.) As the Court stated in *Adams v. Hercules Powder Co.,* 180 Tenn. 340, 350, 175 S.W.2d 319, 323 (1943), "it is well-nigh inconceiva-

**954**

ble that [a co-employer] could be thought of as a 'third party' or 'some other party' and liable for a suit for damages under the common law." *See also Bennett v. Mid-South Terminals Corp.*, 660 S.W.2d 799 (Tenn.App.1983); *Manning v. Rentenbach Engineering Co., Inc.*, 625 S.W.2d 718 (Tenn.App.1981); *Clower v. Memphis Light, Gas & Water Division*, 54 Tenn. App. 716, 394 S.W.2d 718 (1965). Allowance of a common-law suit against the Telephone Company after recovery of worker's compensation benefits from plaintiff's immediate employer would do violence to the comprehensive scheme of worker's compensation. It would eliminate the incentive of general contractors to hire insured subcontractors, which is part of the policy underlying the principal contractor provision. The worker's compensation law is a comprehensive scheme that reflects a compromise between the interests of employers and employees. *W.S. Dickey Manufacturing Co. v. Moore*, 208 Tenn. 576, 347 S.W.2d 493 (1961). "It provides an expeditious and certain recovery for the employee while limiting the amount of liability to which the employer is exposed." *Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441, 443 (Tenn.1984).

The judgment of the Court of Appeals is reversed and the judgment of the trial court in favor of the Defendant is reinstated. This cause is accordingly dismissed with costs on appeal taxed to the Plaintiff.

COOPER, C.J., and FONES, BROCK and HARBISON, JJ., concur.