Michael **BARBER**, Plaintiff/Appellant,

v.

**RALSTON PURINA,**
**Defendant/Appellee.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

Aug. 6, 1991.

Permission to Appeal Denied by
Supreme Court
Jan. 6, 1992.

Marvin A. Bienvenu, Jr., Memphis, for plaintiff/appellant.

Gerald F. Easter, Karen R. Renneisen, The Hardison Law Firm, Memphis, for defendant/appellee.

HIGHERS, Judge.

Plaintiff, Michael Barber, who is an employee for Mid–South Maintenance, Inc., brought this action in the Circuit Court at Shelby County seeking damages for personal injuries he suffered while working at the Ralston Purina plant. Plaintiff recovered worker's compensation benefits from his immediate employer, Mid–South Maintenance, and brought this action in tort against Ralston Purina. The trial court granted defendant's motion for summary judgment finding that plaintiff's suit is barred by the exclusive remedy clause in T.C.A. § 50–6–108.

The facts are generally undisputed. Plaintiff is an employee of Mid–South Maintenance. On April 16, 1985 Mid–South Maintenance entered into a contract with defendant for Mid–South Maintenance to "install process piping and process equipment for the manufacturer of wet product in the Market Development Unit in the existing protein processing plant." On June 24, 1985 while working at defendant's plant, plaintiff slipped and fell from a ladder and he suffered injuries to his back, left arm, hand, wrist, and left knee. In his complaint plaintiff asserts that his injuries are the direct and proximate cause of defendant's negligence because the area where plaintiff was working was covered with slippery chemicals from tanks and lines and defendant should have known of the defective condition. Plaintiff obtained worker's compensation benefits from Mid–South Maintenance and brought this tort action to obtain damages for his injuries. Defendant filed a motion for summary judgment which the trial court granted finding that defendant was a statutory em-

ployer and therefore plaintiff's claim is barred by the exclusive remedy provision in T.C.A. § 50–6–108. We affirm.

■ The sole issue on review is whether the trial court erred in finding that defendant is a statutory employer. In ruling on a motion for summary judgment, both the trial court and the Court of Appeals must consider all the evidence in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in the opponent's favor. *Union Planters Corp. v. Peat, Marwick, Mitchell & Co.*, 733 S.W.2d 509 (Tenn.App.1987). If the court finds that a dispute as to a material fact exists, then the motion must be denied. *Id.*

In finding that defendant is a statutory employer, the trial court emphasized the amount of control defendant had over the employees of Mid–South Maintenance. The trial court specifically noted the following provisions in the contract between Mid–South Maintenance and defendant as exemplary of the control defendant had over the employees of Mid–South Maintenance: (1) the contract requires that "all workmen and subcontractors must be acceptable to the Engineer." [1] Also, defendant could exert pressure on Mid–South Maintenance to terminate any employees if they were unacceptable; (2) the contract requires the Engineer to monitor Mid–South Maintenance's work and he has the authority to stop the work because of improper execution; (3) the contract provides that defendant has the right to make any changes upon the nature of the dimensions of the work; (4) defendant may require Mid–South Maintenance to re-execute any work that fails to conform to the requirements of the contract and if Mid–South Maintenance refuses or is unable to perform the work, defendant shall have it performed at Mid–South Maintenance's expense; (5) defendant also has the right to terminate the contract if Mid–South Maintenance neglects to prosecute the work properly or fails to perform any provision of the contract, and in doing

so defendant may take possession of all materials, tools and appliances and finish the work by whatever means are fit; (6) defendant may determine the order of time for the completion of any portion of the work; (7) Mid–South Maintenance must at all times permit defendant to inspect the work; (8) defendant has the right to let other contracts in connection with the work and Mid–South Maintenance must cooperate with any other contractors. Specifically, defendant provides that the civil, HVAC, electrical, painting and plumbing contracts are not included in the contract with Mid–South Maintenance. The trial court found that this provision indicates defendant's desire to be a contractor subletting various contracts including the contract with Mid–South Maintenance, as opposed to an independent contractor; (9) Mid–South Maintenance cannot assign any portion of the contract without defendant's written approval; (10) defendant must approve all shop drawings and all materials other than those specified and; (11) the contract provides that defendant shall coordinate the work by Mid–South Maintenance's employees at defendant's plant such that there will be the least possible interference with the operation of work by defendant's immediate employees at defendant's plant.

The trial court found that although the contract provides that Mid–South Maintenance will be considered an independent contractor, that provision is not dispositive of the issue and the provision is of no effect. *See Stratton v. United Inter-Mountain Telephone Co.*, 695 S.W.2d 947 (Tenn.1985). The trial court held that the foregoing factors establishing the right of control by defendant outweigh the factors in support of Mid–South Maintenance's claim as an independent contractor and for that reason the trial court granted defendant's motion for summary judgment.

■ Under the Workers' Compensation Law, liability is determined on the basis of the employer-employee relation-

---

**1.** Engineer is defined in the contract as director of engineering of Ralston Purina Company or his authorized agent.

ship. If an employee works as an independent contractor, then his employer does not fall within the Worker's Compensation Act and he may be denied worker's compensation benefits. *See Masiers v. Arrow Transfer & Storage Co.,* 639 S.W.2d 654 (Tenn.1982). On the other hand, T.C.A. § 50–6–112 allows an employee to bring an action against some person other than the employer to pay damages to the injured employee. Thus, if Mid–South Maintenance were operating as an independent contractor, defendant would qualify under T.C.A. § 50–6–112 as "some person other than the employer" and plaintiff could sue in tort for damages.

■ Generally, courts have employed two tests to determine whether the relationship is that of a statutory employer or an independent contractor; (1) whether the work being performed by the contractor in question (Mid–South Maintenance) is the same type of work usually performed by the company (defendant) or is part of the regular business of the company and (2) whether the company (defendant) has the right to control employees of the contractor (Mid–South Maintenance). *See Stratton v. United Inter–Mountain Telephone, supra; Hendrix v. Ray–Ser Dyeing Co.,* 224 Tenn. 690, 462 S.W.2d 483 (1970). In the instant case, it is undisputed that plaintiff was not doing work usually done by the employees of defendant.

■ Although plaintiff argues that no right to control existed, we agree with the trial court's finding that defendant did have the right to control the conduct of plaintiff's work and, therefore, we find that defendant is a statutory employer. The leading case on this issue is *Stratton v. United Inter–Mountain Telephone; supra.* In *Stratton,* the plaintiff was an employee of Wright and Lopez Construction Company which had a contract with defendant. *Stratton,* 695 S.W.2d at 948. Plaintiff was working on a utility pole which fell and plaintiff sued defendant in tort for his injures. *Id.* The Supreme Court held that defendant was a statutory employer based on defendant's right of control. *Id.* at 953. In *Stratton,* the Court

lists a number of factors that may be considered in analyzing whether a relationship is that of employer-employee or independent contractor: (1) right to control the conduct of work, (2) right of termination, (3) method of payment, (4) whether alleged employee furnishes own helpers and/or tools, and (5) whether alleged employee is doing "work for another." *Id.* at 950. In *Stratton,* the Court notes that no single test is dispositive of this issue, but the right to control the conduct of the work has been repeatedly stressed. *Id.* The Court further explains that the test is not whether the right to control the conduct of the work was exercised, but simply whether the right exists. *Id. See* also *Wooten Transports, Inc. v. Hunter,* 535 S.W.2d 858 (Tenn.1976). In *Stratton* the Court noted that, among other things, defendant's right to control was indicated by defendant's right to remove any employee with whom defendant was not satisfied and defendant's right to direct the order of precedence in which the work was performed. Defendant, Ralston Purina, had both of these rights pursuant to its contract with Mid–South Maintenance. Defendant, Ralston Purina, also had some control over the materials to be used and the manner in which the work was performed.

■ Another case in which the Supreme Court addressed the same issue is *Carver v. Sparta Electric System,* 690 S.W.2d 218 (Tenn.1985). In *Carver* plaintiff was an employee of Lee's Tree Service which had contracted orally with Sparta Electrical System to cut trees and limbs around power lines operated by Sparta Electrical System. *Id.* at 219. Plaintiff was injured while working around the power lines and plaintiff sued Sparta Electrical System for worker's compensation benefits. *Id.* Defendant alleged that it was not liable for worker's compensation benefits because plaintiff's employer was an independent contractor. The Supreme Court held that defendant was a statutory employer because defendant "exercised a degree of control that was more persuasive than merely insuring that the end result conformed to plans and specifications." *Id.* at

220. The Court also noted defendant's right to terminate a contract at will as indicative of an employer-employee relationship. In the instant case, defendant, Ralston Purina, had control over the nature of the dimensions of the work and the order of completion of the work. Defendant also had the right to terminate the contract. Thus, defendant had more control than was necessary merely to insure that the end result conformed to the plans and specifications of the contract.

Plaintiff asserts that defendant is an independent contractor based upon the language in the contract which provides "it being the intention of the parties hereto that Contractor shall be and remain an independent Contractor and nothing herein contained shall be construed as inconsistent with that status." However, the *Stratton* court held that the provision in the contract purporting to establish that plaintiff's employer, Wright and Lopez, is an independent contractor is not dispositive of the case. The Court explained that such provision is of no effect because it is intended to insulate defendant from worker's compensation liability. *Stratton*, 695 S.W.2d at 953. Likewise, we find that the same provision is not dispositive of the instant case.

When the facts are essentially undisputed, the issue of whether one is an employee or an independent contractor is one of law. *Stratton*, 695 S.W.2d at 953. There is no dispute as to any material fact in the instant case. Having reviewed the provisions in the contract between Mid–South Maintenance and defendant, we agree with the trial court's finding that defendant is a statutory employer.

The next question to be determined is whether plaintiff's claim is barred by T.C.A. § 50–6–108. The exclusive remedy clause in T.C.A. § 50–6–108 provides:

> The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident ... shall exclude all other rights and remedies of such employee, ... on account of such injury or death.

Because defendant has been determined to be a statutory employer, plaintiff's rights and remedies are limited to worker's compensation benefits and plaintiff is prohibited from bringing an action in tort against defendant. Finding no dispute as to any material fact, we affirm the order of the trial court granting defendant's motion for summary judgment. Costs are assessed to plaintiff.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.