# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## FILED

October 18, 1999

Cecil Crowson, Jr.

Appellate Court Clerk

| | | |
|---|---|---|
| CAROLYN B. ERWIN, | ) | NO. 03A1-9811-CV-00379 |
| | ) | |
| Plaintiff/Appellant, | ) | |
| v. | ) | Appeal As Of Right From The |
| | ) | ANDERSON COUNTY CIRCUIT COURT |
| METHODIST MEDICAL CENTER | ) | |
| OF OAK RIDGE, | ) | |
| Defendant/Appellee. | ) | HONORABLE JAMES B. SCOTT, JR. |

**For the Appellant:**

J. Anthony Farmer
Knoxville

**For the Appellee:**

Robert W. Knolton
Knoxville

AFFIRMED AND REMANDED                                            Swiney, J.

## <u>OPINION</u>

This is an appeal from the Trial Court's dismissal of a negligence action brought against

Methodist Medical Center of Oak Ridge, Defendant/Appellee, arising from a workplace injury to Plaintiff/Appellant, an employee of a contract service provider. In addition to filing suit against her direct employer under the Tennessee Workers' Compensation Act, Plaintiff sued Defendant in tort, alleging negligence related to her workplace injury. Defendant moved for dismissal under Tenn. R. Civ. P. Rule 12.02(6), asserting immunity from tort suit under the exclusive remedy provision of the Tennessee Workers' Compensation Act. The Trial Court dismissed the cause of action, finding that Defendant was a principal contractor under Tenn. Code Ann. § 50-6-113. For the reasons herein stated, we affirm the Trial Court's dismissal of Plaintiff's tort action.

## BACKGROUND

Plaintiff was an employee of Owen Healthcare on January 9, 1997 when she tripped on electrical wiring and fell at work. At the time of Plaintiff's fall, Owen Healthcare maintained business operations on the premises of Defendant Methodist Medical Center of Oak Ridge under contract to provide pharmacy services for the hospital. Several departments of Defendant operate under similar contracts, where Defendant is the principal to the contract and the workers are employed by the contractor.

On September 10, 1997 Plaintiff filed suit against CNA Insurance Company in the Circuit Court for Knox County under the Tennessee Workers' Compensation Act. At the time, CNA provided Workers' Compensation insurance for Plaintiff's employer, Owen Healthcare. Temporary indemnity and medical benefits under the Workers' Compensation Act had been provided to Plaintiff by CNA.

On January 6, 1998 Plaintiff filed suit in the Circuit Court for Anderson County against Methodist Medical Center of Oak Ridge and Anthony Thornton d/b/a Tennessee Associates. The Complaint alleged that electrical work was being done at the hospital, and wiring lying on the floor was the cause of Plaintiff's fall. On March 4, 1998 Defendant filed a motion to dismiss, attaching as exhibits copies of the Worker's Compensation Complaint filed by Plaintiff and the Answer of CNA Insurance

Company. On July 21, 1998 Plaintiff filed a response to Defendant's motion to dismiss, citing as exhibit an attached copy of portions of the contract between Defendant and Owen Healthcare. On September 21, 1998 an Order of Voluntary Dismissal with full prejudice was filed as to defendants Anthony Thornton d/b/a Tennessee Associates and Tennessee Associated Electric, Inc.

On October 20, 1998 an "Opinion, Exclusive Remedy" was filed by the Trial Court, granting Defendant's Tenn. R. Civ. P. Rule 12 motion to dismiss filed March 4, 1998. The Opinion stated that Defendant is not subject to a common law negligence claim by Plaintiff, referencing the exclusive remedy provision of the Tennessee Workers' Compensation Act. On November 13, 1998 an Order captioned "Judgment Dismissing Action" was filed incorporating by reference the October 20 Opinion, with all accrued costs adjudged against Plaintiff. Notice of this appeal was filed November 18, 1998, with attestation of proper service and appeal bond for costs.

### DISCUSSION

Under Tenn. R. Civ. P Rule 12.02 Defendant's motion to dismiss was converted into a motion for summary judgment when the Trial Court considered matters outside the pleadings. The standard of review for a summary judgment under Tenn. R. Civ. P. Rule 56 is **de novo**, with no presumption of correctness as to the trial court's legal conclusions. Summary judgment is appropriate when, considering the evidence in the light most favorable to the non-moving party, there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Gardner v. Insura Property & Cas. Ins. Co.*, 956 S.W.2d 1, 2 (Tenn. Ct. App. 1997). There is no dispute concerning the facts material to the Trial Court's holding.

The Trial Court found Defendant to be a principal contractor under Tenn. Code Ann. § 50-6-113, thus privileged to invoke the exclusive remedy provision of Tenn. Code Ann. § 50-6-108 and entitled to dismissal of the tort action by Plaintiff. Plaintiff argues that Defendant does not meet the statutory requirements as interpreted by the Tennessee courts, and thus remains a proper party to tort action by Plaintiff.

The primary cases cited as supporting Plaintiff's position are *Stratton v. United Inter-Mountain Telephone*, 695 S.W.2d 947 (Tenn. 1985) and *Barber v. Ralston Purina*, 825 S.W.2d 96 (Tenn. Ct. App. 1991). *Stratton* sets forth six factors used to apply Tenn. Code Ann. § 50-6-113 to determine whether an injured worker is an employee or independent contractor. "In analyzing whether the relationship is that of employer-employee or that of independent contractor, this Court has said that the following are factors to be considered and that no one factor is necessarily dispositive: (1) right to control the conduct of work; (2) right of termination; (3) method of payment; (4) whether alleged employee furnishes his own helpers; (5) whether alleged employee furnishes his own tools; and (6) whether one is doing 'work for another.'" *Stratton*, 695 S.W.2d at 950.

*Barber* examines the application of the principal contractor statute when the injured worker is employed by a subcontractor, and asserting a claim against the principal to the contract. Plaintiff asserts that the two factors analyzed in *Barber* support a finding that Defendant is not a principal contractor under the facts at bar: ". . . (1) whether the work being performed by the contractor in question [ ] is the same type of work usually performed by the company (defendant) or is part of the regular business of the company and (2) whether the company (defendant) has the right to control employees of the contractor [ ]." *Barber*, 825 S.W.2d at 99. The *Barber* Court found no dispute that the plaintiff was not doing work usually done by employees of the defendant, and emphasized that the key to analyzing similar cases is the right of the principal to the contract to control the employee. "In *Stratton*, the Court notes that no single test is dispositive of this issue, but the right to control the conduct of the work has been repeatedly stressed. The Court further explains that the test is not whether the right to control the conduct of the work was exercised, but simply whether the right exists." *Id.*

Plaintiff cites *Byrd v. Mahle, Inc*., No. 03A01-9301-CV-00006, 1993 WL 305807 (Tenn. App. 1993)(perm. app. denied), to support her argument. Plaintiff uses this Court's analysis in *Byrd* to assert that the principal contractor statute does not apply to Defendant under the facts of this case, claiming that Defendant only contracted for an end result, and did not exercise control over the employees of Owen Healthcare. *Byrd* relied upon the six factors set forth in *Stratton* in reversing the

trial court's finding that defendant Mahle was not a principal under Tenn. Code Ann. § 50-6-113. The Court in Mahle found that five of the six factors supported a finding of no coverage under the Act, and cited as further support that Defendant's right to control the work of the subcontractor "extended only to insuring that the end result conformed to Mahle's plans and specifications."

It is important to note that a very different relationship existed in *Mahle*, as the defendant hired a general contractor to manage a construction project at defendant's plant, the general contractor hired a subcontractor to perform plumbing and mechanical work, and the subcontractor hired plaintiff Byrd as an employee. Here, Defendant hired Owen Healthcare, and Owen Healthcare hired Plaintiff as an employee. Defendant stands in the position of the general contractor in *Mahle*, not in the same position as Mahle. It is this extra removal from the work performed that took Mahle out of the Workers' Compensation coverage as a principal under Tenn. Code Ann. § 50-6-113, thus barring application of the exclusive remedy provision of Tenn. Code Ann. § 50-6-108 to plaintiff Byrd's negligence claims in tort.

Plaintiff claims that Owen Healthcare was not providing a service performed by Defendant and thus fails the first of the two standards in *Barber,* citing the agreement between Owen and Defendant. Plaintiff's argument turns on the point that Owen is the exclusive provider of pharmacy services for Defendant, and had no right to control the employees of Owen. Plaintiff also asserts that Defendant was not performing work for another, thus fitting into the facts under *Byrd*.

Defendant avers that hospitals routinely enter into exclusive contracts with independent contractors to provide particular healthcare services within the hospital, and this routine business practice of hospitals makes this a case of first impression. Defendant overstates this circumstance of fact, as there is no need to make such a broad finding in order to resolve the issue on appeal.

Defendant's argument for tort immunity centers upon the contractual relationship with Owen Healthcare, and the application of the *Stratton* employee control analysis. Defendant asserts that application of Tenn. Code Ann. § 50-6-113 is based upon work that is the subject of the contract being performed on the premises of the principal, and whether the contracted work is part of the regular

business of the principal. It is undisputed that Defendant owned the premises where the injury occurred. Defendant counters Plaintiff's argument that the pharmacy was an insular operation by stating that "the operation of a hospital pharmacy for the benefit of the patients at its hospital facility" is integral to the overall provision of healthcare to the patients of Defendant.

The determinative issues are whether Defendant is a Principal, Intermediate Contractor or Subcontractor under Tenn. Code Ann. § 50-6-113(a), and whether the injury occurred on, in, or about the statutory "premises" under Tenn. Code Ann. § 50-6-113(d) so as to bar recovery under the exclusive remedy provision of the Workers' Compensation Act.

Taking the second issue first, it is undisputed that the injury at issue occurred on the premises of Defendant, and that Defendant had the right to control the premises. Resolution of the remaining issue depends on whether the relationship between Plaintiff and Defendant creates applicability of coverage under the Tennessee Workers' Compensation Act. The parties both cited the Agreement between Owen Healthcare, Inc. and Defendant, a portion of which was made exhibit to Plaintiff's brief on appeal, as establishing the bounds of this relationship.

All that remains is to apply the factors under *Stratton/Barber* to the Agreement at issue. The first factor in the *Barber* analysis is whether the work being performed by the contractor in question is the same type of work usually performed by the defendant, or part of the regular business of defendant. A key to the analysis of this issue is whether the pharmacy operation on Defendant's premises is an insular operation and not the same type of work usually performed by Defendant, as asserted by Plaintiff. Although *Stratton* cites several cases in support of this point, the most instructive for the issue on appeal is *Hendrix v. Ray-Ser Dyeing Co*., 224 Tenn. 690, 462 S.W.2d 483 (Tenn. 1979). In *Hendrix* defendant contracted with the injured worker's employer to paint a smokestack at defendant's plant. The Court looked to the fact that not only was defendant "not engaged in the business of painting," but also not engaged in "other maintenance work" in finding that the injury at issue did not arise out of the same type of work usually performed by, or part of the regular business of, the defendant. Analogizing the reasoning in *Hendrix* to the issue on appeal would require a finding that pharmacy

service is so removed from the usual business of Defendant that it would not be part of the other healthcare work that would be considered part of the "regular business" of Defendant. In short, it would require this Court to find that pharmacy service in a hospital setting is not the same **type** of work Defendant usually performs. The record does not support such a finding.

The facts in the record do not support a finding that the pharmacy service in the Agreement is not part of the regular business of Defendant. The contract specifies that Owen Healthcare ". . . will, as a service, own the inventory and operate a pharmacy service ("PHARMACY") on the premises of HOSPITAL for the purpose of supplying hospital pharmacy items . . . to HOSPITAL to be administered to HOSPITAL'S patients upon proper order of lawfully authorized persons." It is apparent from the wording of this preamble that the "service" is not an insular one as asserted by Plaintiff, but is only brought into operation by "proper order of lawfully authorized persons," and that the object of the services is the patients of the hospital, not the hospital itself.

In order for Plaintiff's argument to stand, Defendant itself must be the object of the contract at issue. In *Byrd v. Mahle*, *supra*, the Court found that the object of the contract was certain improvements to defendant's physical plant, making defendant only interested in the end result of the contract between plaintiff's employer and the general contractor. Here, the *Stratton* factor of "work for another" is inseparable from the contract at issue, in that the hospital does not use or consume the pharmacy services and/or pharmaceuticals for its own use or for improvement of its physical plant, but rather as part of the overall healthcare treatment provided to the patients. It is the patients of Defendant who are set out in the preamble as the object of the services contemplated in the contract. Although Owen Healthcare was the exclusive provider for the scope of the contract with Defendant, it is apparent that pharmacy service is not an insular operation, but part of a process of the regular business of Defendant in providing healthcare services.

The second *Barber* factor is whether the defendant has the right to control the employees of the contractor, applying the six *Stratton* factors to the facts of the individual case.

(1) Right to control the conduct of the work.

Under the Agreement, as previously discussed, the pharmacy operation is only authorized to provide service "upon proper order of lawfully authorized persons." Therefore, the conduct of an employee of the pharmacy is not only under the right of control of Defendant, such employee is not allowed to conduct any independent activity under the contract. Also, control by Defendant of the conduct of the work is shown by the requirement that Owen Healthcare is to provide a continuing education program, to work with Defendant in cost control efforts and establish a committee "with HOSPITAL'S approval" and support, provide performance reports documenting specific operational functions, including "interdepartmental communication," "[d]rug order turn-around time," "[i]nservice education," and record keeping assistance to other departments of Defendant. Thus, under the terms of the Agreement, Defendant retained significant right to control the conduct of the work of the employees of Owen Healthcare.

(2) Right of termination.

The right of a principal to terminate employees of the employer under the contract at issue has been addressed in the cases previously cited. The contract reads in pertinent part, "OWEN agrees to replace such employee upon reasonable demand of HOSPITAL." This clause sets forth the right of Defendant to have Owen Healthcare employees terminated.

(3) Method of payment.

The Agreement specifies that employees of Owen Healthcare are to be paid by Owen Healthcare.

(4) Whether alleged employee furnishes his own helpers.

As for "helpers," while the term does not appear in the portions of the Agreement exhibited by Plaintiff, the burden is upon Defendant to provide to Owen Healthcare janitorial services, receiving and storage services, in-hospital telephone service, and maintenance services. It would appear that any "helpers" would fall under the category of "other personnel as needed to operate PHARMACY." However, as discussed above, employees of Owen Healthcare under the preamble to the Agreement

are to supply "pharmacy items" "to HOSPITAL" to be administered to HOSPITAL'S patients . . .." It would appear that the administration to patients of such pharmacy items would be carried out by others, presumably employees of Defendant or another contracting entity. Therefore, as the Agreement sets out that Owen Healthcare employees are participating in a work process rather than providing a complete end result themselves, this analysis is more on point with the holding of *Carpenter v. Hooker Chemical & Plastics Corp*., 553 S.W.2d 356 (Tenn. Ct. App. 1977), where this Court found that work partly done by employees of a subcontractor and partly done by employees of the defendant fell under Tenn. Code Ann. § 50-6-113, barring tort claims under the exclusive remedy provision of Tenn. Code Ann. § 50-6-108.

(5) Whether alleged employee furnishes his own tools.

Although this element most often arises in cases determining whether the injured worker is an employee or independent contractor, under the Agreement at issue Owen Healthcare is to provide, as Plaintiff points out, "operational support for current pharmacy computer service," and "additional pharmacy equipment and fixtures." However, by the plain wording of the Agreement the computer equipment to be supported was already in place, and thus "tools" provided by Defendant. Also, the addition of equipment and fixtures is to be done "with HOSPITAL'S approval," indicating Defendant's right to control the conduct of the work performed.

(6) Whether one is doing 'work for another.'

Plaintiff argues that Defendant was not doing work for another under the Agreement at issue. However, as discussed above, the preamble to the Agreement clearly identifies "HOSPITAL'S patients" as the object of the activities under the contract. Also as previously discussed, the pharmacy service is not an insular activity, but part of a work process, directed by others ("lawfully authorized persons"), incorporating the efforts of others ("Pharmacy/Nursing interdepartmental communications," "Pharmacy, Nursing, and Business Office medication administration record keeping"), "for the purpose of supplying hospital pharmacy items . . . to HOSPITAL to be administered to HOSPITAL's patients." Under this analysis, not only is the object of the work by employees of Owen Healthcare "work for

another" other than Defendant, but also it appears that only the support activities described in the Agreement, such as accounting and record keeping, are directed to the benefit of Defendant rather than to another.

"When the facts are essentially undisputed, the issue of whether one is an employee or an independent contractor is one of law." *Barber*, 825 S.W.2d at 100, citing *Stratton*, 695 S.W.2d at 953. It is undisputed that the injury at issue occurred on the premises of Defendant. Applying the guidance of the cases cited above, we hold that Defendant is a Principal or Intermediate Contractor under Tenn. Code Ann. § 50-6-113(a), thus a statutory employer for purposes of the Tennessee Workers' Compensation Act, and Plaintiff's exclusive remedy under Tenn. Code Ann. § 50-6-108 bars her tort claims against Defendant.

## CONCLUSION

The Trial Court did not err in granting Defendant's motion to dismiss. Defendant is a principal contractor under the relevant statutes and case law, barring Plaintiff's tort action under the exclusive remedy provision of the Tennessee Workers' Compensation Act. The Judgment of the Trial Court is affirmed, and the cause remanded for collection of costs below. Costs on appeal are adjudged against the appellant.

_____
D. MICHAEL SWINEY, J.

CONCUR:

_____
HERSCHEL P. FRANKS, J.

_____
CHARLES D. SUSANO, J.