FILED

March 09, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

JOHN D. HOWELL,                          ) C/A NO. 03A01-9810-CV-00340
                                         )
        Plaintiff-Appellant,             ) BRADLEY CIRCUIT
                                         )
v.                                       ) HON. LAWRENCE H. PUCKETT,
                                         ) JUDGE
DEAN CHASE, d/b/a CHASE                   )
HEATING AND AIR-CONDITIONING,)  AFFIRMED
                                         ) AND
        Defendant-Appellee.              ) REMANDED

PHILLIP L. DAVIDSON, Nashville, for Plaintiff-Appellant.

J. CHRISTOPHER CLEM, LUTHER-ANDERSON, PLLP, Chattanooga, for
Defendant-Appellee.

## O P I N I O N

Franks, J.

In this action plaintiff sued defendant for tortious injuries allegedly

occurring "at Chase Heating and Air Conditioning". Plaintiff had recovered Worker's

Compensation benefits from Steve Mann, d/b/a Mann Mechanical Contracting, who

intervened in this action. The Trial Court, responding to a motion for summary

judgment, granted defendant summary judgment on the basis that Chase was a

statutory employer pursuant to T.C.A. §50-6-108 and §50-6-112.

        This is the issue to be resolved on appeal.

        Summary judgments are only granted where the movant establishes

there are no genuine issues of material fact, and the movant is entitled to a judgment

as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993).

The material facts are not in dispute. Plaintiff, at the time of his alleged injury, was an employee of Steve Mann, d/b/a Mann Mechanical Contracting. At some time prior to the accident, Mann had been an employee of defendant, but at the time of the accident their working relationship had changed, and the defendant said in his deposition that Mann was a "sub-contractor". At the time of plaintiff's alleged accident, Mann was renting trucks, equipment and the sheet metal shop from defendant. The trucks and uniforms worn by the workers carried defendant's logo. Defendant's testimony is not disputed on the business relationship. He testified:

> Q. Okay. What was the business relationship at the time of the accident in June of 1994 with Mr. Howell between you and Mr. --
>
> A. Mann.
>
> Q. -- Mann?
>
> A. Well, I was just subcontracting -- I rented all of the trucks and the sheet metal shop to him. And he was -- and paid him -- he subcontracted all my labor and installations. I paid him by the job.
>
> Q. Did that business relationship have anything to do with your workers' comp insurance?
>
> A. Well, I didn't carry it. That was part of the deal, he carried the workman's comp himself, and the insurance on the men back there. And I carried it on mine, on the service people. And I paid him so much per man hour, which included -- we had it figured to where he could come out by paying his insurance, because his insurance was overhead.
>
> Q. When you say come out, to you mean come out better?
>
> A. Yeah, he come out better, himself.
>
> Q. Well, and better for you, too?
>
> A. Well, hoped it worked that way.

Plaintiff argues that Mann was an independent contractor. As the Supreme Court has noted in *Stratton v. United Inter-Mountain Telephone Co.*, 695 S.W.2d 947 (Tenn. 1985), when the facts are essentially undisputed, the question of

whether one is an employee or an independent contractor for the purposes of Worker's Compensation, is one of law for the court. The *Stratton* Court teaches that certain factors are to be considered in determining whether the relationship is one of employer-employee or independent contractor, and that no one factor necessarily controls. These are:

1. Right to control the conduct of the work.

2. Right of termination.

3. Method of payment.

4. Whether alleged employee furnishes his own helpers.

5. Whether alleged employee furnishes his own tools.

6. Whether one is doing work for another.

*Id.* at 950.

The Court continues that the right to control the work is repeatedly emphasized and observed: "The test is not whether the right to control is exercised, but merely whether the right to control existed", *Id.*

Clearly, the right to control existed in this case. The defendant contracted with third parties for heating and air-conditioning installations, and he then contracted with Mann to do the installation. Mann used the tools, equipment, uniforms and the premises of defendant to carry out the work. The working arrangement between Mann and defendant was essentially an allocation of overhead expenses with paymet to Mann for work performed by Mann and his employees. On this record, Mann only contributed labor to the operation.

The courts have noted that the statutory scheme under consideration intended to ensure that all workers are paid benefits when they are injured in the course of their employment. *Stratton.* The statutory intent was satisfied by the payment of Worker's Compensation benefits to the plaintiff herein. We hold on the

3

undisputed evidence that defendant was within the statute's umbrella of protection as an employer and was entitled to judgment.

We affirm the judgment of the Trial Court and remand with the cost of the appeal assessed to plaintiff.

_____
Herschel P. Franks, J.

CONCUR:

_____
Don T. McMurray, J.

_____
Charles D. Susano, Jr., J.

4