**FILED**
**May 25, 2023**
**12:04 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Miguel Garcia Carrillo,** | ) | **Docket No. 2021-06-1167** |
| **Claimant,** | ) | |
| **v.** | ) | |
| **Carlos Sanchez Hurtado, a/k/a Carlos** | ) | **State File No. 800727-2022** |
| **Ramirez Rios, Gilberto Cavazos,** | ) | **800658-2021** |
| **Kosinski Homes, Kosinski Properties** | ) | **800657-2021** |
| **LLC, Hartford Casualty Insurance** | | |
| **Company, and Hartford Underwriters** | ) | |
| **Insurance Company,** | ) | **Judge Kenneth M. Switzer** |
| **Respondents.** | | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

---

Miguel Garcia Carrillo broke his arm and leg while working at a construction site. The parties agree on that fact, but they disagree regarding which of them, if any, is responsible for workers' compensation benefits. The respondents raise a variety of defenses.

The Court held an evidentiary hearing on May 18, 2023, and finds that Carlos Hurtado Sanchez a/k/a Carlos Ramirez Rios, who is uninsured, directly employed Mr. Carrillo, and the statutory employer is Gilberto Cavazos. Therefore, Mr. Cavazos and/or his carrier, Hartford Underwriters Insurance Company, must provide a panel of orthopedists.

However, on this record, Mr. Carrillo has not met his burden to show he is entitled to payment of past medical bills or past temporary disability benefits, so those requests are denied at this time.

### Claim History

Mr. Carrillo testified that Mr. Rios hired him. On August 28, 2021, Mr. Carrillo was injured when he fell from a roof while framing a garage. Mr. Rios was present when

1

the accident occurred and had been directing the work. Mr. Carrillo considered Mr. Rios his "boss/supervisor," and he was in charge of the project.

Mr. Carrillo went to the emergency room after the accident and remained hospitalized. He did not work for some time after his discharge. However, he did not offer records documenting the treatment he received or whether a physician restricted him from working. Mr. Carrillo incurred medical bills for the treatment, which apparently remain unpaid.

Mr. Carrillo testified that Mr. Rios paid him a daily rate of $150 and supervised his work. Mr. Rios testified that he paid Mr. Carrillo $13 per hour, and they worked nine- to ten-hour days. Mr. Rios determined the length of the workdays and when they took breaks. Mr. Rios provided some of the tools, but Mr. Carrillo brought some of his own tools as well.

Mr. Rios testified that he was hired by Gilberto Cavazos, who paid him by the job and did not supervise his work. Mr. Rios confirmed that he hired Mr. Carrillo without consulting Mr. Cavazos. Mr. Rios said that on the day of the accident, he told Mr. Carrillo to stay on the ground, but he ignored that instruction. After the accident, he gave Mr. Carrillo an unspecified amount of money to help pay rent.

Mr. Rios does not have insurance; a Bureau investigator confirmed that fact. Along these lines, Mr. Rios testified that he warns all persons that he hires to be careful because he is uninsured.

Mr. Cavazos is insured by Hartford Underwriters Insurance Company. Although Mr. Cavazos attended the hearing, he did not testify.

Mr. Carrillo sought payment of past medical bills and temporary disability benefits for the time he was unable to work.[1]

The respondents, except for Mr. Rios, argued that they did not employ Mr. Carrillo. They questioned whether Mr. Carrillo disregarded instructions that would have prevented the accident. They further challenged the employment relationships between Mr. Carrillo and Mr. Rios, and Mr. Rios and Mr. Cavazos. They additionally argued that Mr. Carrillo

---

[1] The Court excluded from evidence the medical bills because they did not meet the requirements of Tennessee Compilation Rules and Regulations 0800-02-21-.16(2)(b) (February, 2022) (medical bills are self-authenticating and admissible when signed by a physician or accompanied by a form signed by a medical provider or records custodian certifying that the bills are true and accurate); *and see Eaves v. Ametek, Inc.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 53, at *8-9 (Sept. 14, 2018) (medical bills must be accompanied by proof that they are reasonable, necessary, and causally related to the work accident to be admitted into evidence).

did not comply with procedural rules or satisfy his burden of proof by introducing admissible medical records or bills.[2]

From a procedural standpoint, Mr. Carrillo first named Mr. Rios and Kosinski Properties as his employer in his petition for benefit determination. He filed two amended petitions later identifying Mr. Rios as the "direct employer," "Kosinski Homes" and "Kosinski Properties" as a "builder," along with their carrier. He also named "Gilberto Cavazos" as a "subcontractor."

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law states that "the employer" must furnish medical treatment, free of charge to "the employee," made reasonably necessary by a work accident. Tenn. Code Ann. § 50-6-204(a)(1)(A) (2022). The central issue in this case is, who is the "employer" that must furnish treatment?

An "employee" is a person in the service of an employer under a contract of hire either written or implied. Tenn. Code Ann. § 50-6-102(10)(A). In *Black v. Dance*, 643 S.W.2d 654, 657 (Tenn. 1982), the Tennessee Supreme Court explained that "the word 'hire' imports remuneration or compensation." Thus, "[i]n order for one to be an employee of another for purposes of our Worker's Compensation Law, it is, therefore, required that there be an express or implied agreement for the alleged employer to remunerate the alleged employee for his services[.]" *Id.*

Here, Mr. Carrillo testified that he and Mr. Rios agreed that Mr. Carrillo would work on the home construction project. They disagreed on his rate of pay−$150 per day versus $13 per hour for a nine to ten-hour workday—but the small difference in the amount is irrelevant to the larger point that these two parties agreed that Mr. Rios paid Mr. Carrillo to work on the project. The Court finds Mr. Carrillo was Mr. Rios's employee. Mr. Rios was the immediate employer and is uninsured.

Mr. Carrillo made his claim against Mr. Rios "in the first instance" as "the immediate employer." Tenn. Code Ann. § 50-6-113(c). However, a "principal contractor, intermediate contractor or subcontractor shall be liable for compensation to any employee injured while in the employ of any of the subcontractors of the principal contractor, intermediate contractor or subcontractor[.]" *Id.* at -113(a).

Case law explains that section 50-6-113 "prevents employers [from] avoiding workers' compensation liability simply by contracting out work." *Osbourne v. Starrun,*

---

[2] Mr. Cavazos's attorney moved for involuntary dismissal after Mr. Carrillo testified, asserting that he did not satisfy his burden. The Court denied the motion because this case is at the interlocutory stage, and this is a nonfinal order, so involuntary dismissal is inappropriate. *See* Tenn. Code Ann. § 50-6- 239(d)(3).

*Inc.,* No. E2018-00282-SC-R3-WC, 2018 Tenn. LEXIS 656, at *9 (Tenn. Workers' Comp. Panel Oct. 19, 2018).  The section's purpose is "to protect employees of irresponsible and uninsured subcontractors by imposing ultimate liability on the presumably responsible principal contractor, who has it within his power, in choosing subcontractors, to pass upon their responsibility and insist upon appropriate compensation for their workers." *Blackwell v. Comanche Constr., Inc.,* No. W2012-01309-COA-R9-CV, 2013 Tenn. App. LEXIS 251, at *13-14 (Tenn. Ct. App. 2013).

The section "operates by passing along to upstream contractors the responsibility either to require their immediate contractors or subcontractors to provide workers' compensation coverage to their own employees or to be responsible for the coverage themselves." *Id.* at *14.  Further, section -113 "is said to deem such a principal contractor to be the injured employee's 'statutory employer.'" *Id.*

Here, Mr. Rios testified that Mr. Cavazos hired him as an independent contractor. However, this label and the nature of their working relationship are irrelevant for purposes of section -113.  Looking at the plain language of the statute, section -113 does not require employment relationships among all respondents but instead envisions the hiring of "subcontractors."  If the Court were to accept Mr. Cavazos's contention that hiring Mr. Rios as either a "subcontractor" or "independent contractor" would end the ability to pass liability to upstream contractors, it would subvert the very purpose of section -113. Workers would be left unprotected from uninsured contractors.

Mr. Cavazos cited no case law to support his interpretation of section -113.  Rather, longstanding law supports the rule that a principal contractor, intermediate contractor, or subcontractor cannot evade liability through the use of independent contractors.  *See Stratton v. United Inter-Mountain Tel. Co.,* 695 S.W.2d 947, 953 (Tenn. 1985) (A contract between an immediate employer and a principal contractor that characterizes the immediate employer as the primary employer's independent contractor did not insulate the primary contractor from liability).  Therefore, the Court finds that Mr. Cavazos is the statutory employer.

As to the remaining defenses, the respondents argued that Mr. Carrillo did not file a witness or exhibit list.  He was not required to file an exhibit list.  *See* Tenn. Comp. R. & Regs. 0800-02-21.15(1) (February, 2022).  Moreover, his hearing request listed potential witnesses in compliance with the rule.

As for the contention that Mr. Carrillo did not follow Mr. Rios's instructions, "[o]ne of the fundamental purposes of workers' compensation law is to compensate employees for work-related injuries *irrespective of fault." Lang v. Nissan N. Am., Inc.,* 170 S.W.3d 564, 572 (Tenn. 2005) (Emphasis added).  Further, "[A]n employee's negligent conduct is not a defense to a claim for workers' compensation benefits and to succeed on this defense, the employer must establish that the employee willfully violated a known safety rule."

4

*Oglesby v. United Parcel Serv., Inc.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 34, at *13 (July 19, 2018). Here, no respondent introduced evidence of willful misconduct, nor was that defense listed on the dispute certification notice. *See* Tenn. Code Ann. § 50-6-239(b)(1).

Therefore, the Court holds that Mr. Cavazos and his insurer are responsible for benefits. The question then becomes, which benefits must they provide?

Mr. Carrillo, as the employee in a workers' compensation case, has the burden of proving all essential elements of his claim for benefits. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). He also must show at an expedited hearing that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1).

Turning first to medical benefits, section 50-6-204(a)(3)(A)(i) states that an employer "shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." Under this subdivision, Mr. Cavazos must offer a panel of orthopedic specialists, from which Mr. Carrillo may select a treating physician. The treating physician shall evaluate him, determine if any further treatment is necessary, and assign an impairment rating. Tenn. Code Ann. § 50-6-204(k)(1).

As for past treatment, "an employer who does not timely provide a panel of physicians risks being required to pay for treatment an injured worker receives on his own." *Ducros v. Metro Roofing and Metal Supply Co.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 62, at *10 (Oct. 17, 2017). However, Mr. Carrillo did not offer medical bills in an admissible form, so the Court cannot order payment at this time. He may secure additional documentation to authenticate these bills and seek payment, as well as reimbursement for the out-of-pocket expenses he paid for medications, at a later hearing.

Mr. Carrillo also requested temporary disability benefits. He must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Mollica v. EHHI Holdings, Inc. d/b/a Advanced Home Care Mgmt. Inc., d/b/a Encompass Home Health,* 2020 TN Wrk. Comp. App. Bd. LEXIS 22, at *7 (Apr. 21, 2020).

Mr. Carrillo offered no admissible proof that he suffered a compensable injury that totally disabled him from work or of the duration of his disability. His testimony alone is insufficient, so this request is denied at this time. As with the medical bills, he may obtain this essential medical proof and renew this request at a later hearing.

A final concern is referrals for the consideration of penalties.

Turning first to Mr. Rios, he testified candidly and at times against his own interest, and he gave Mr. Carrillo financial assistance after the accident. Regardless, as a construction services provider, the Workers' Compensation Law requires that he have insurance. Tenn. Code Ann. § 50-6-902(a). His failure to do so subjects him to a penalty under section 50-6-118. That same subdivision calls for a penalty when an employer fails to provide medical treatment, a panel, and/or temporary total disability benefits, or fails to comply with a court order. Mr. Rios might have violated all these requirements and should be investigated for the potential imposition of penalties.

As for Mr. Cavazos and his carrier, the Court has rejected their defense that it was not responsible for benefits to Mr. Carrillo due to Mr. Rios's status as his independent contractor. The defense overlooked case law contrary to this argument. Mr. Cavazos and his carrier have likewise failed to provide medical treatment, a panel, and/or temporary total disability benefits. They, too, should be investigated for potential penalties under the same provisions of the Workers' Compensation Law.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. Gilberto Cavazos and his carrier must offer a panel of orthopedists within ten business days of this order, for Mr. Carrillo to select a physician for any reasonable and necessary medical treatment causally related to the work injury under Tennessee Code Annotated section 50-6-204(a)(1)(A). They shall immediately schedule an appointment once Mr. Carrillo makes his selection.

2. As described above, the case is referred to the Compliance Program for consideration of penalties levied against Mr. Rios and Mr. Cavazos and/or Hartford Underwriters Insurance Company.

3. The Court sets a status hearing on **August 7, 2023, at 10:00 a.m. Central Time.** You must dial (615) 532-9552 or (866) 943-0025 to participate. The respondents must arrange for a court-certified or -registered interpreter.

4. Unless interlocutory appeal of the expedited hearing order is filed, compliance with this order must occur no later than seven business days from the date of entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3). Mr. Cavazos and/or his carrier must submit confirmation of compliance with this order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED May 25, 2023.**


*Kenneth M. Switzer*
_____
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**


## Appendix

Technical record: (Excludes all attachments)

1. Petition for Benefit Determination, September 21, 2021
2. Amended Petition for Benefit Determination, December 14, 2021
3. Amended Petition for Benefit Determination, December 14, 2021
4. Amended Petition for Benefit Determination, February 1, 2021, and translation
5. Order Granting Motion to Withdraw
6. Dispute Certification Notice
7. Order Setting Status Hearing
8. Order on Status Hearing, July 18, 2022
9. Hearing Request
10. Order on Status Hearing, August 30, 2022
11. Order on Status Hearing, September 9, 2022
12. Order Resetting Status Hearing and Referring the Case for Consideration of Penalties, December 20, 2022
13. Order Resetting Status Hearing
14. Order Setting Expedited Hearing
15. Defendant Kosinski Properties, LLC's Position Statement
16. Kosinski Properties, LLC's Supplemental Position Statement
17. Gilberto Cavazos's Expedited Hearing Position Statement
18. Unnamed Defendant The Hartford's Position Statement for Expedited Hearing
19. Subpoena

Evidence:

1. Declaration of Mr. Carrillo
2. Expedited Request for Investigation Report

**CERTIFICATE OF SERVICE**

I certify that a copy of this order was sent as indicated on May 25, 2023.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Miguel Carrillo, employee | | X | X | Carrillo1500angel@gmail.com<br>3834 Faulkner Dr.<br>Nashville TN 37211 |
| Carlos Sanchez Hurtado, a/k/a Carlos Ramirez Rios, respondent | | X | | 335 Flora Maxwell Road<br>Nashville TN 37211 |
| Gilberto Cavazos and Hartford Underwriters Insurance Company, respondents | | | X | Nmcintire@howell-fisher.com |
| Kosinski Properties, LLC/Kosinski Homes, respondents | | | X | dana@stokeswiliams.com<br>Carla@stokeswilliams.com |
| Hartford Cas. Ins. Co., respondent | | | X | Kenny.veit@leitnerfirm.com<br>Laura.bassett@leitnerfirm.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____

**PENNY SHRUM**
**Clerk, Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*